792 F.Supp. 663 (1992)
Fred LOGAN, Plaintiff,
v.
UNITED STATES of America, Defendant.
No. 1:92CV8SNL.
United States District Court, E.D. Missouri, S.D.
June 8, 1992.
*664 Fred Logan, pro se.
Michael A. Price, Asst. U.S. Atty., Cape Girardeau, Mo., for defendant.

ORDER
LIMBAUGH, District Judge.
Pro se plaintiff has filed a claim against the United States averring that his brother received negligent medical care at a Veterans' Administration hospital and that such care contributed to his brother's death. This matter is before the Court on the Government's motion to dismiss or in the alternative, for a more definite statement and a second motion to dismiss for lack of subject matter jurisdiction. Plaintiff has "responded" by sending to Assistant U.S. Attorney Michael Price (who forwarded the envelope and its contents to the Court) several materials including plaintiff's letters over the last four to five years to various V.A. Dept. officials and local politicians regarding his brother's death.
In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir.1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. 5 Wright & Miller, Federal Practice and Procedure: Civil, Sec. 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Id. at 122-123. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in *665 support of his claim which would entitle him to relief." Conley v. Gibson, supra, 355 U.S. at 45-46, 78 S.Ct. at 101-02.
The Court must view the complaint in the light most favorable to the plaintiff and should not dismiss it merely because the Court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir.1982). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982).
A pro se complaint is to be liberally construed and should not be dismissed unless the plaintiff can prove no set of facts to support the claim(s). Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir.1987); Holloway v. Lockhart, 792 F.2d 760, 761-762 (8th Cir.1986). With these standards in mind, the Court turns to an examination of the plaintiff's complaint.
It appears that plaintiff's brother, Ed Logan, was treated by various Veterans Affairs' medical personnel in September 1984 for certain physical and psychiatric problems. Ed Logan died in March 1987. Plaintiff, Fred Logan, then began a crusade to obtain monies alleging that his brother's care in 1984 contributed to Ed's death in 1987. Plaintiff began his quest by first contacting the Disabled American Veterans in 1988. The Disabled American Veterans then contacted the Veterans Administration Medical Center in Columbia, Missouri in August 1988. For approximately the next two years, plaintiff contacted various local politicians seeking their help in obtaining monies for the alleged negligence of the Veterans Affairs medical personnel. Finally, on April 13, 1990 plaintiff contacted the Department of Veterans Affairs  Office of District Counsel in St. Louis, Missouri. He was warned that his claim appeared to be untimely; however he insisted on pursuing the matter.
Plaintiff's tort claim was investigated and in October 1990 plaintiff was informed, by the Dept. of Veterans Affairs, that his claim was untimely and that no medical negligence occurred. Plaintiff sought reconsideration of his claim. In May 1991 Plaintiff's claim was again rejected. Plaintiff did not give up. He sent "new" materials to the Department of Veterans Affairs  Office of the General Counsel in Washington, D.C. In November 1991, Assistant General Counsel of the Department of Veterans Affairs, James P. Kane, wrote plaintiff and explained to him that the "new" materials forwarded to him were all part of the record already considered by the Department (i.e. various correspondence by plaintiff to the Department and Ed Logan's medical records). Mr. Kane told plaintiff that his claim was once again reviewed and that there was no evidence of any negligent or wrongful acts on the part of any VA employee with respect to plaintiff's brother's medical care. Mr. Kane also pointed out (again) that plaintiff's claim was untimely.
Plaintiff filed suit in the district court on January 28, 1992. Plaintiff seeks $15,000.00 for personal injury; however the Court assumes that plaintiff is actually seeking recovery for the alleged wrongful death of his brother.
Defendant seeks dismissal pursuant to Rule 12(b)(1) claiming that the applicable statute of limitations bars the plaintiff's suit. Plaintiff has provided the Court as his "response" numerous items of correspondence and copies of medical reports on his brother. Given this "factual record", the Court concludes that plaintiff has failed to satisfy the jurisdictional requirement under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq.
Compliance with the statute of limitations of 28 U.S.C. § 2401(b) is a jurisdictional requirement for suit under the FTCA. 28 U.S.C. § 2401(b) states:
(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered *666 mail, of notice of final denial of the claim by the agency to which it was presented.
Unless a claim is filed within the two-year limitations period of § 2401(b), there is no right to proceed against the Government in a FTCA suit. Manko v. U.S., 830 F.2d 831, 839 (8th Cir.1987).
When a claim accrues, under the FTCA, is a question of federal law. Osborn v. U.S., 918 F.2d 724, 731 (8th Cir. 1990); Brazzell v. U.S., 788 F.2d 1352, 1355 (8th Cir.1986). A cause of action accrues under the FTCA when the plaintiff discovers or should have discovered his/her injury and its cause. U.S. v. Kubrick, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979); Osborn, at 731; Manko, at 839.
In the present case, plaintiff's "injury" is the death of his brother, Ed Logan. Plaintiff was personally aware of his brother's medical treatment by VA medical personnel and knew that Ed Logan died on March 5, 1987. Plaintiff has never waivered from his belief that the care Ed received prior to his death contributed to his death. Consequently, plaintiff's cause of action accrued on March 5, 1987 when his brother died.
The appropriate federal agency to receive plaintiff's claim was the Department of Veterans Affairs (VA). 28 U.S.C. § 2401(b) and 28 C.F.R. § 14.2(a). Plaintiff did not contact the VA and put his claim in writing (Standard Form 95) until April 13, 1990. This was more than two years after his brother died, i.e. after the claim accrued.
Plaintiff insists that he made his claim in August 1988 when he contacted the Disabled American Veterans. Firstly, the Disabled American Veterans was not the proper federal agency to which plaintiff should have addressed his claim. Secondly, the letter from the Disabled American Veterans to the Chief (name unknown) of Medical Administrative Services at the VA Hospital in Columbia, Missouri only makes vague references to plaintiff's complaint about substandard care of his late brother and a promise of benefits (to plaintiff) for the care of his brother. This is different from the substance of the claim plaintiff finally made in April 1990 to the VA. Although it is unfortunate, plaintiff spent a considerable amount of time complaining to the wrong people and the wrong agencies. The legislative history of FTCA clearly shows that Congress "intended to create an administrative-claims system by which the agency involved could resolve specific claims for specific amounts of money." Manko, at 840 (citing S.Rep. No. 1327, 89th Cong., 2d Sess., reprinted in 1966 U.S.Code Cong. & Admin.News 2515). Plaintiff's correspondence, prior to his written claim to the VA in April 1990, did no more than give notice to various individuals that he had some complaint about his brother's medical care and that he wanted some undetermined amount of money. This does not meet the requirements of § 2401(b).
Since plaintiff's claim was not filed with the appropriate federal agency within two years of his brother's death, this Court lacks jurisdiction to hear the matter.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion to dismiss for lack of subject matter jurisdiction be and is GRANTED. This cause is hereby DISMISSED.