Stanley WHITTAKER

v.

UNITED STATES of America.

Civ. No. 92–258.

United States District Court,
D. Vermont.

March 15, 1993.

Calvin J. Wier, Karen E. Wier, Boston, MA, for plaintiff.

Thomas D. Anderson, Asst. U.S. Atty., Burlington, VT, for defendant.

## ORDER

BILLINGS, District Judge.

On January 22, 1993, defendant United States of America moved to dismiss this complaint for lack of subject-matter jurisdiction or, alternatively, to transfer the case to the Western District of Oklahoma. On February 11, 1993, plaintiff filed opposition. Defendant filed a reply on February 26, 1993.

### Background

Plaintiff alleges that while incarcerated at the Federal Correctional Institute at El Reno, Oklahoma, he broke his ankle when his foot became wedged in an open hole in the floor of his cell. The alleged injury occurred on March 26, 1990.

On April 10, 1991, plaintiff filed an administrative claim for damages with the Bureau of Prisons. The agency denied the claim on July 25, 1991. On December 3, 1991, plaintiff filed suit against the Bureau of Prisons in the United States District Court for the Western District of Oklahoma. The case was ultimately dismissed on March 3, 1992 for failure to bring suit against the proper party. On August 18, 1992, plaintiff filed this action.

## Discussion

The Federal Torts Claims Act ("FTCA") permits the United States to be sued for torts committed by United States employees acting within the scope of their employment. 28 U.S.C. § 2674. Pursuant to 28 U.S.C. § 2401,[1] any claim must first be presented within two years to the appropriate federal agency. If the claim is denied, suit must be commenced within six months after the notice of denial is mailed. 28 U.S.C. § 2401. Failure to file suit within the six-month period will result in dismissal. *See Willis v. United States*, 719 F.2d 608 (2d Cir.1983).

Plaintiff filed the instant action on August 18, 1992, more than one year after the denial of his administrative claim, well after the six-month limitations period had expired. Nevertheless, plaintiff argues that the limitations period was equitably tolled.

The Supreme Court has held that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Irwin v. Veterans Admin.*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990). Equitable tolling may occur "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* at 96, 111 S.Ct. at 458 (footnotes omitted). The Court described two situations, including timely filing a complaint in the wrong court, in which filing a defective pleading has been found to toll the statute of limitations. *Id.* at n. 3.

In this case, although plaintiff timely filed an action in the Western District of Oklahoma, his pleading was dismissed for failure to bring suit against a proper party. This type of defective pleading was not among those specifically mentioned in *Irwin*. Nevertheless, we conclude that where plaintiff was "actively" pursuing his judicial remedies, equitable tolling is warranted. Therefore, the limitations period was equitably tolled while plaintiff's suit was pending in the Western District of Oklahoma.

Even so, the limitations period was not tolled indefinitely, but began to run again once plaintiff's suit was dismissed on March 3, 1992. After the dismissal, plaintiff had one month and 21 days, the unexpired portion of the six-month limitations period, in which to file another action.[2] However, plaintiff did not file this suit until more than five months after the Oklahoma action was dismissed. Plaintiff's failure to file an action during this interval was "at best a garden variety claim of excusable neglect" to which equitable tolling does not apply. *See Irwin*, 498 U.S. at 96, 111 S.Ct. at 458.

## Conclusion

Consequently, defendant's motion to dismiss this action on the grounds that the statute of limitations period had expired is hereby GRANTED. In light of this ruling, we need not consider defendant's alternative motion to transfer this matter to the Western District of Oklahoma.

SO ORDERED.

---

1. § 2401(b) reads as follows:
   (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

2. We reach this figure as follows. Plaintiff filed suit in the Western District of Oklahoma four months and seven days after denial of his administrative claim. Consequently, at that point, one month and 21 days remained until expiration of the six-month limitations period required in 28 U.S.C. § 2401.