Richard L. **KRUEGER** for and d/b/a **Greenwood Center Planning at Greenwood, Inc.,** a Missouri corporation, **Plaintiffs,**

v.

Patricia F. **SAIKI,** Administrator, Small Business Administration, **Defendant.**

No. 92–5023–CV–SW–8.

United States District Court,
W.D. Missouri,
Southwestern Division.

April 28, 1993.

**468**

Richard Lewis Krueger, pro se.

Alleen S. Castellani, Asst. U.S. Atty., Kansas City, MO, for defendant.

## ORDER

STEVENS, Chief Judge.

Proceeding *pro se,* plaintiffs bring this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* ("FTCA"), against Patricia F. Saiki in her official capacity as administrative head of the Small Business Administration ("SBA"). Plaintiffs allege that, from January 21, 1986 to the present date, the SBA and its agents engaged in a variety of acts that violated plaintiffs' rights under state and federal law and laid waste to plaintiffs' assets. The case is now before the court on the motion of plaintiffs for a default judgment, and on the motion of defendant to substitute the United States as the sole party defendant, to partially dismiss this action, and for summary judgment as to the remainder of the case. In addition, the court has before it plaintiffs' request that the court find defendant and defendant's counsel to be in contempt.

For the reasons set forth below, plaintiffs' motion for a default judgment is denied. Defendant's motion to substitute the United States as the sole party defendant in this action is granted. Defendant's motion partially to dismiss this action is granted, as is

defendant's motion for summary judgment. Finally, the court declines to find defendant or her counsel to be in civil contempt.

## I. Factual Summary

While plaintiffs' complaint asserts that defendants have committed numerous tortious and unlawful acts, their pleadings do not state a single fact in support of their claims. However, in Section A of Defendant's Motion to Substitute and Partially to Dismiss, and to Enter Summary Judgment, defendant has provided the court with a ten-point list of the facts of this case. In their response to this motion, plaintiffs state: "In each of the ten (10) sections of Part A [of defendant's motion] ... there lies [sic] the bases of [plaintiffs'] claims." Pls.' Resp. Def.'s Mot. Substitute, Partially Dismiss, & for Summary J. at 1.[1] Plaintiffs do not dispute the defendant's description of the facts of this case, although plaintiffs have supplemented the defendant's list with additional factual allegations. Therefore, as set forth in defendant's motion and the material before the court, the facts of this case are as follows:

On August 4, 1984, plaintiff Richard Krueger and his wife, doing business as Greenwood Resort, obtained a loan assigned to the SBA in the amount of $270,000 to acquire a resort (the "realty loan"). As collateral for this loan, the SBA received a second deed of trust on the resort realty and a first security interest on the resort chattels. SBA's deed of trust on the realty was second to a first deed of trust that secured a $260,000 loan to plaintiffs from the Mercantile Bank of Table Rock, Missouri ("Mercantile Bank").

On December 9, 1984, SBA made a direct loan to the plaintiffs in the amount of $150,000 for working capital (the "second loan"). This loan was secured by a third deed of trust on the resort real estate and a third security interest on the resort personalty. Mercantile Bank held the second security interest in the resort personalty.

On August 25, 1986, SBA foreclosed on its third deed of trust, bid $50,000 at the foreclosure sale, and acquired title to the resort realty subject to the lien held by Mercantile Bank and the lien held by the SBA to secure its first loan. The Kruegers' second loan account was credited with the amount of the SBA's bid. Within months, SBA also bought the note held by Mercantile Bank after being notified that the bank was planning to foreclose on its deed of trust.

On March 3, 1987, SBA sold the resort realty to J.P. Dudley at a public auction. At that time, the Kruegers were still in possession of all the resort realty and personalty. Dudley filed suit for unlawful detainer against the Kruegers in state court and was awarded possession of the property and damages.

On July 7, 1987, plaintiff filed a petition in state court to set aside Dudley's deed. Plaintiff also sued the administrator of SBA and Dudley. The petition alleged that the foreclosure sale was invalid on the grounds of "misrepresentation, concealment or disclosure of information by SBA representatives to the [Kruegers], violation of the bankruptcy laws, failure of adequate consideration, and defects in the sale procedures." Def.'s Mot. Substitute, Partially Dismiss, & for Summary J. at 3. The United States removed the case to this court, a trial was held, and the court directed a verdict in favor of the government. *Id.* at Ex. A & B (judgment and final order in *Krueger v. Abner, et al.,* No. 87–5068–CV–SW–4 (W.D.Mo.1988) (Clark, J.)). The Eighth Circuit dismissed the Kruegers' appeal as frivolous. *See Krueger v. Abner,* No. 88–2827WM (Jan. 18, 1989).

On September 30, 1987, the SBA foreclosed on its security interest in the resort personalty. The SBA bid $50,000, acquired title to the personalty, and credited the Kruegers' second loan account with that amount. On April 24, 1989, the SBA sold the "Collateral Purchased Property," which included the re-

---

1. Under the local rules, Plaintiffs' Response to Defendant's Motion to Substitute, Partially Dismiss, and for Summary Judgment was filed more than a month late. *See* Local Rule 13(B). Because of plaintiffs' *pro se* status, however, the court will overlook plaintiffs' failure to comply with the twelve-day filing deadline set forth in Local Rule 13(B) and will treat plaintiffs' filing as timely.

sort personalty, to a third party at a public auction.

On April 5, 1991, plaintiff Richard Krueger filed an administrative tort claim with the SBA. *See* Def.'s Mot. Substitute, Partially Dismiss, & for Summary J. at Ex. C. This administrative claim seeks $3,982,570 in damages for a variety of allegedly tortious and illegal acts that occurred on April 24, 1989 (the date the SBA sold the resort personalty to a third party) and injured the "fixtures and personal assets" of plaintiffs' business. This claim is still pending before the agency.

Plaintiffs filed the instant action on March 31, 1992. Like plaintiffs' administrative claim, the complaint in this case seeks $3,982,570 in damages. The complaint alleges that, from January 21, 1986 through the present time, the defendant engaged in acts of "misrepresentation, concealment, or non-disclosure of a material fact, or at least misleading conduct to gain advantage over plaintiffs' assets." Compl. at 2. The complaint further alleges that defendant was negligent, failed to follow "systems and proceedures" [sic], failed to discharge its fiduciary responsibilities, violated the federal bankruptcy laws, violated state law, aided a known felon, and laid waste to plaintiffs' assets and destroyed their "quality of life."

Bearing this factual background in mind, the court now turns to the motions before it.

## II. Plaintiffs' Motion for a Default Judgment

■ Plaintiffs filed this action on March 31, 1992. On August 6, 1992, plaintiffs moved for the entry of a default judgment on the ground that defendant had failed to file a timely answer. *See* Fed.R.Civ.P. 55(a). Defendant responded in her official capacity on August 18, 1992, alleging that she had not yet been properly served pursuant to the requirements of Fed.R.Civ.P. 4(d).

Plaintiffs' motion for a default judgment is denied. Fed.R.Civ.P. 55(e) provides: "No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." In the instant case, the record does not contain any facts indicating that defendant committed acts of misrepresentation, concealment, misrepresentation, or negligence. Nor does the record indicate that defendant committed any other tortious or unlawful act. Thus, the evidence before the court—virtually all of which has been furnished by defendant—is insufficient to establish that plaintiffs have any "claim or right to relief." In the absence of such evidence, Rule 55(e) prohibits the court from entering a default judgment against the United States or a federal officer.

Accordingly, plaintiffs' motion for a default judgment is denied.[2]

## III. Substitution of the United States as Defendant

Defendant has filed a motion to substitute the United States as the sole party defendant in this action. For the reasons set forth below, defendant's motion is granted.

■ First, the court finds that plaintiffs have exhausted their administrative remedies and that this case is properly before the court. On April 5, 1991, plaintiffs filed an administrative tort claim with the SBA containing allegations that are nearly identical to the ones filed in the instant complaint. *See* Def.'s Mot. Substitute, Partially Dismiss, & for Summary J. at Ex. C. Plaintiffs' administrative claim has been pending before the agency for more than six months. Therefore, plaintiffs are entitled to treat the SBA's inaction as a denial of their claim and therefore may seek relief in federal court. 28 U.S.C. § 2675(a); *Miller v. United States,* 741 F.2d 148, 150 (7th Cir.1984). Accordingly, the court finds that plaintiffs have exhausted their administrative remedies and that this case is properly before the court.

■ Second, the court finds that the United States may be substituted as the sole party defendant in this action. Plaintiffs seek damages for losses caused by the alleg-

---

2. The court need not address defendant's contention that she has not been properly served. That issue is now moot since defendant, by her filings, has voluntarily submitted to the jurisdiction of this court.

edly wrongful acts of federal employees. Thus, their exclusive remedy lies in a suit against the United States under the provisions of the FTCA. 28 U.S.C. §§ 1346(b), 2679(b)(1); *see also United States v. Smith,* 499 U.S. 160, ——, 111 S.Ct. 1180, 1185, 113 L.Ed.2d 134 (1991).

In these circumstances, 28 U.S.C. § 2679(d)(1) requires the United States Attorney General to certify that the government employee named in the lawsuit "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." Once certification occurs, the action "shall be deemed to be an action against the United States [under the FTCA] and the United States shall be substituted as the party defendant." *Id.*

In the instant case, plaintiffs have named defendant in her official capacity as an SBA administrator and seek damages for the allegedly tortious acts of SBA representatives. The United States Attorney has moved to substitute the United States as the sole party defendant. The court construes this motion as a certification by the United States under 28 U.S.C. § 2679(d)(1) that the defendant and other SBA employees were "acting within the scope of [their] office or employment at the time of the incident out of which the claim arose." Therefore, pursuant to section 2679(d)(1), this lawsuit "shall be deemed to be an action against the United States [under the FTCA] and the United States shall be substituted as the party defendant." *Id.* The court also notes that plaintiffs do not object to the defendant's motion to substitute the United States as the sole party defendant in this action. *See* Pls.' Reply Def.'s Mot. Substitute, Partially Dismiss, & for Summary J. at 2.

Accordingly, the defendant's motion to substitute the United States as the sole party defendant in this action is granted.

*IV. Defendant's Motion to Dismiss*

Defendant has filed a motion partially to dismiss this case for lack of subject matter jurisdiction, or, alternatively, on the ground that plaintiff has failed to state a claim upon which relief can be granted. *See* Fed. R.Civ.P. 12(b)(1) & (6). For the reasons set forth below, the court finds that those of plaintiffs' claims that accrued prior to April 5, 1989 are barred by the applicable statute of limitations. *See* 28 U.S.C. § 2401(b). Accordingly, defendant's motion partially to dismiss is granted.

■ 28 U.S.C. § 2401(b) states, in relevant part: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." Under the FTCA, a claim accrues at the time of the plaintiff's injury. *Wehrman v. United States,* 830 F.2d 1480, 1483 (8th Cir.1987).

■ In the instant case, plaintiffs allege that the SBA and its agents committed a variety of tortious acts "beg[inning] on or about 21 January 1986 thru [sic] the current period." Compl. at 2. Plaintiffs filed their administrative tort claim with the SBA on April 5, 1991. *See* Def.'s Mot. Substitute, Partially Dismiss, & for Summary J. at Ex. C. Therefore, the court finds that those claims that accrued prior to April 5, 1989 are barred by the statute of limitations set forth in 28 U.S.C. § 2401(b).

■ Compliance with 28 U.S.C. § 2401(b) is a jurisdictional prerequisite to suit under the FTCA. *See Osborn v. United States,* 918 F.2d 724, 728–31 (8th Cir.1990); *Radman v. United States,* 752 F.2d 343, 344 (8th Cir. 1985); *see also Logan v. United States,* 792 F.Supp. 663, 665–666 (E.D.Mo.), *aff'd,* 978 F.2d 1263 (8th Cir.1992). Thus, the court lacks subject matter jurisdiction over those of plaintiffs' claims that accrued prior to April 5, 1989, and those claims are dismissed for that reason. *See* Fed.R.Civ.P. 12(b)(1); *see also Osborn,* 918 F.2d at 728–31. Moreover, since plaintiffs' failure to comply with 28 U.S.C. § 2401(b) entitles the defendant to judgment as a matter of law, those claims that accrued prior to April 5, 1989 would be dismissed even if the court were to analyze defendant's motion under Rule 12(b)(6). *See Schmidt v. United States,* 933 F.2d 639, 640 (8th Cir.1991).

Plaintiffs' attempts to avoid the effect of the statute of limitations are unmeritorious.

First, the court rejects plaintiffs' assertion that the defendant's statute of limitations argument is moot. *See* Erwin Chemerinsky, *Federal Jurisdiction* § 2.5 (1989) (explaining the mootness doctrine). The court also rejects plaintiffs' assertion that Missouri law, and not federal law, provides the applicable statute of limitations. *See Irwin v. Veterans Admin.*, 498 U.S. 89, 96–97, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990) (White, J. concurring). Finally, the court rejects plaintiffs' contention that there may be some "major material facts" that, if they came to light, would demonstrate that "the statute of limitations clock was held in abeyance." Pls.' Reply Def.'s Mot. Substitute, Partially Dismiss, & for Summary J. at 2. While federal statutes of limitations may be subject to the doctrine of equitable tolling in certain narrowly defined circumstances, the present record lacks any evidence that would justify applying that doctrine to the present case. *See Irwin*, 498 U.S. at 94–97, 111 S.Ct. at 457–58.

Thus, for the reasons set forth above, the court finds that those of plaintiffs' claims that accrued prior to April 5, 1989 are barred by the 28 U.S.C. § 2401(b). Therefore, as to those claims, the court lacks subject matter jurisdiction, or, alternatively, the court finds that plaintiffs have failed to state a claim upon which relief can be granted. *See* Fed. R.Civ.P. 12(b)(1) & (6). Accordingly, defendant's motion partially to dismiss is granted.

*V. Defendant's Motion for Summary Judgment*

Defendant has filed a motion for summary judgment. *See* Fed.R.Civ.P. 56. For the reasons set forth below, defendant's motion is granted.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must view the record in the light most favorable to the nonmoving party, and draw all reasonable inferences in favor of the nonmovant. *Raschick v. Prudent Supply, Inc.*, 830 F.2d 1497, 1499 (8th Cir.1987), *cert. denied*, 485 U.S. 935, 108 S.Ct. 1111, 99 L.Ed.2d 272 (1988). The party seeking summary judgment bears the initial burden of demonstrating that an essential element of the nonmoving party's case is lacking. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmoving party to come forward with sufficient evidence to show that there is a genuine factual controversy as to that issue. *Id.; see also* Fed. R.Civ.P. 56(e). To establish the existence of a genuine issue of fact for trial, the nonmoving party must produce evidence that would allow a reasonable fact finder to resolve that issue in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). If the nonmoving party fails to so respond, summary judgment, if appropriate, shall be entered against that party. *Id.*

Applying the foregoing standards to the instant case, the court finds that there is no genuine issue of material fact for trial and that defendant is entitled to judgment as a matter of law. Thus, for the reasons set forth below, defendant's motion for summary judgment is granted.

■ At the outset, the court notes that plaintiffs' claims do not relate to alleged SBA wrongdoing in connection with the resort realty.[3] Instead, as plaintiffs' administrative claim reveals, plaintiffs seek to recover for injuries to "the fixtures and personal assets including, but not limited to, [plaintiffs' resort]" that resulted from the allegedly tortious actions of the SBA in connection with the April 24, 1989 sale of the resort personalty to a third party. *See* Def.'s Mot. Substi-

---

**3.** In fact, any claim of wrongdoing in connection with the resort realty would be barred by both the statute of limitations, *see* 28 U.S.C. § 2401, and the doctrine of *res judicata* since plaintiffs have already litigated those claims against the

SBA. *See* Def.'s Mot. Substitute, Partially Dismiss & for Summary J. at Exs. A & B (judgment and final order in *Krueger v. Abner*, No. 87–5068–CV–SW–4 (W.D.Mo.1988) (Clark, J.)).

tute, Partially Dismiss, & for Summary J. at Ex. C.

Plaintiffs cannot bring this action unless they can demonstrate that they have suffered an actual injury as the result of the defendant's acts. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982). Thus, as defendant correctly observes, plaintiffs cannot recover for injuries sustained by reason of the SBA's April 24, 1989 sale of the resort personalty to a third party unless plaintiffs had an interest in the property at the time of the sale. However, as is demonstrated below, plaintiffs had no rights in the resort personalty on April 24, 1989, and therefore have no standing to recover for alleged injuries to that property.

The SBA foreclosed on its security interest in the resort personalty and purchased that property at a public auction on September 30, 1987. Missouri law clearly entitled the SBA, as a secured party, to sell and also bid on and buy the resort personalty at a public sale after the plaintiffs defaulted on their loan obligations. Mo.Ann.Stat. § 400.9–504(1) & (3). Thus, the court finds that these actions by the SBA were proper under Missouri law.

The court further finds that the SBA's purchase of the resort personalty at the September 30, 1987 foreclosure sale divested plaintiffs of their rights in that property. Mo.Ann.Stat. § 400.9–504(4) provides: "When collateral is disposed of by a secured party after default, the disposition transfers to a purchaser for value all of the debtor's rights therein...." Thus, when the SBA purchased the resort personalty at the September 30, 1987 foreclosure sale for $50,000, the plaintiffs' rights in the resort personalty were completely transferred to the SBA and the SBA became the owner of the property.

■ In addition, the court finds that plaintiffs can no longer attack the propriety of the September 30, 1987 foreclosure sale. In Section IV of this order, the court ruled that the applicable two-year statute of limitations, 28 U.S.C. § 2401(b), bars plaintiffs from raising any claims that accrued prior to April 5, 1989. Under 28 U.S.C. § 2401(b), a claim

ordinarily accrues at the time of the plaintiff's injury. *Wehrman,* 830 F.2d at 1483. Thus, since the September 30, 1987 foreclosure sale occurred prior to April 5, 1989, the statute of limitations precludes plaintiffs from raising any claims that arose in connection with that event.

In view of the foregoing, it is clear that defendant has demonstrated that a key element of plaintiffs' case is missing (*i.e.,* their right to recover for injuries to the resort personalty). Thus, defendants are entitled to summary judgment unless plaintiffs produce sufficient evidence to show that the fact finder could reasonably conclude that plaintiffs retained rights in the resort personalty that survived the September 30, 1987 foreclosure sale. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11.

First, plaintiffs allege that their 1987 lawsuit against J.P. Dudley and the SBA to set aside Dudley's deed to the resort realty included a claim or provision that the SBA not lay waste to plaintiffs' assets. According to plaintiffs, "[the SBA] did lay waste [to plaintiffs' assets] and in part [the present] complaint seeks damages from [the SBA]." Pls.' Resp. Def.'s Mot. Substitute, Partially Dismiss, & for Summary J. at 1.

These allegations are unhelpful to plaintiffs. Plaintiffs lost their earlier lawsuit against Dudley and the SBA, and are not entitled to ask this court to consider claims that were raised and rejected in an earlier lawsuit. In addition, these claims accrued prior to April 5, 1989 and therefore are time-barred pursuant to the court's ruling in Section IV of this order.

. Second, plaintiffs allege that J.P. Dudley was found guilty of fraud and convicted of a felony in connection with his purchase of plaintiffs' assets. According to plaintiffs, these facts "render the sale-claim clearly and utterly void" under Mo.Ann.Stat. § 428.020.

These allegations are unhelpful to plaintiffs. In relevant part, Mo.Ann.Stat. § 428.020 provides: "Every conveyance ... of any estate or interest in lands ... made or contrived with the intent to hinder, delay or defraud creditors ... shall be from hence-

forth deemed and taken, as against said creditors ... to be clearly and utterly void." *Id.* Thus, under Mo.Ann.Stat. § 428.020, a creditor is entitled to set aside a conveyance that was made to defraud him. In the instant case, there is no evidence, and plaintiffs do not allege, that the plaintiffs were Dudley's creditors or that Dudley made a conveyance (as opposed to a purchase) of an interest in land that was made with the intent to defraud them. Therefore, plaintiffs are not entitled to rely upon Mo.Ann.Stat. § 428.020. Furthermore, section 428.020 expressly deals with interests in land, and therefore has no relevance to this lawsuit, which concerns alleged injuries to the resort personalty. In addition, these claims—insofar as they relate to the SBA—accrued prior to April 5, 1989, and therefore are time-barred pursuant to the court's ruling in Section IV of this order.

Third, the affidavit of plaintiffs' former counsel, William F. McCullah, is also unhelpful to plaintiffs. *See* Pls.' Resp. to Def.'s Mot. Substitute, Partially Dismiss, & for Summary J. (attachment). Mr. McCullah's affidavit alleges that the state court committed errors in J.P. Dudley's 1987 action against plaintiffs to gain possession of the resort realty. Since these alleged errors relate to the resort realty, they are irrelevant to the instant lawsuit, which seeks to recover for injuries to the resort personalty. In addition, these alleged errors occurred in 1987. Thus, to the extent those alleged errors gave rise to claims against the SBA, those claims accrued prior to April 5, 1989, and therefore are time-barred pursuant to the court's ruling in Section IV of this order.

Fourth, plaintiffs allege that "a lien was filed by plaintiff on all assets in 1987." Pls.' Supp. Resp. Def.'s Mot. Substitute, Partially Dismiss, & for Summary J. at 2.[4] This allegation is unhelpful to plaintiffs for two reasons. First, beyond the bare assertion quoted above, plaintiffs have not provided any information about the nature or basis of their lien. This bare allegation, without more,

would not allow a reasonable fact finder to find that the plaintiffs had an interest in the resort personalty after the September 30, 1987 foreclosure sale. *See Liberty Lobby,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11. Thus, the court finds that plaintiffs have failed to produce sufficient evidence to demonstrate that there is a genuine issue of fact with respect to whether plaintiffs retained any interest in the resort personalty after the January 30, 1987 foreclosure sale, *see id.,* and defendant is therefore entitled to summary judgment.

In addition, although plaintiffs do not specify the precise date on which they "filed" their lien on the resort personalty in 1987, the court can discern no basis in either federal or Missouri law that would have allowed plaintiffs to obtain an enforceable lien on the resort personalty after that property was sold to the SBA at the September 30, 1987 foreclosure sale. Thus, plaintiffs must have "filed" their lien before that date. The SBA acquired its security interests in the resort personalty in 1984. Thus, plaintiffs' lien was subordinate to the SBA's earlier-acquired security interests in the resort personalty. *See* Mo.Ann.Stat. § 400.9–312. As a subordinate lien, plaintiffs' lien was wiped out when the SBA foreclosed on its security interest and purchased the resort personalty at the September 30, 1987 foreclosure sale. Mo.Ann. Stat. § 400.9–504(4) (stating that when a secured party disposes of collateral after default, the disposition discharges any subordinate security interest or lien).

Finally, plaintiffs allege that:

> [A] provision of the suite [sic] demanded that the assets were not to have been lain to waste by defend[a]nt. Given that the assets were lain to wast[e] plaintiff advised the court in 1988 that the complaint as filed was wrong and the rightful claim of plaintiff had been violated by defendant and as a result plaintiff could

---

4. Plaintiffs' "Reply to Defendant's Reply to Plaintiffs' Response to Defendant's Dispositive Motion" is not permitted by the local rules, which require a nonmoving party's suggestions in opposition to a motion to be set forth in a single response. *See* Local Rule 13(A). Because of plaintiffs' *pro se* status, the court will not order plaintiffs' second reply stricken, but will treat it as a supplement to Plaintiffs' Response to Defendant's Motion to Substitute, Partially Dismiss, and for Summary Judgment.

not accept a judgement [sic] as stated in complaint on behalf of plaintiff.

> Pls.' Supp. Resp. Def.'s Mot. Substitute, Partially Dismiss, & for Summary J. at 2.

This somewhat incoherent passage relates to plaintiffs' 1987 lawsuit against J.P. Dudley and the SBA, and seems to allege that the plaintiffs advised the court that they needed to amend their complaint in that suit to state additional claims against Dudley and the SBA. Plaintiffs lost their earlier lawsuit against Dudley and the SBA, and are not entitled to ask this court to consider claims that were raised and rejected in an earlier case. In addition, these claims accrued prior to April 5, 1989 and therefore are time-barred pursuant to the court's ruling in Section IV of this order.

Thus, for the reasons set forth above, the court finds that plaintiffs had no rights in the resort personalty when the SBA sold that property to a third party on April 24, 1989. Therefore, plaintiffs cannot recover damages for injuries that allegedly occurred as a result of that sale.

Accordingly, the motion of defendant for summary judgment is granted.

*VI. Contempt*

Claiming they have been denied discovery, plaintiffs request that the court find the defendant and defendant's counsel to be in contempt of court. *See* 18 U.S.C. § 401. However, the case file reveals no evidence of any attempts by plaintiffs to engage in discovery in a manner contemplated by the Federal Rules of Civil Procedure. Thus, the court finds that there is no evidentiary basis for holding defendant, or defendant's counsel, in contempt pursuant to 18 U.S.C. § 401.

Accordingly, plaintiffs' request that defendant and defendant's counsel be held in contempt is denied.

*VII. Conclusion*

For the reasons set forth above, it is

ORDERED that the motion of plaintiffs for a default judgment is denied. It is further

ORDERED that the motion of defendant to substitute the United States as the sole party defendant in this action is granted. It is further

ORDERED that the motion of defendant partially to dismiss this case is granted. It is further

ORDERED that the motion of defendant for summary judgment is granted. In addition, it is

ORDERED that plaintiffs' request that the court find defendant and defendant's counsel to be in contempt is denied.