Richard Lewis KRUEGER; Planning at Greenwood, Inc., Appellants,

v.

Patricia F. SAIKI, Administrator, Small Business Administration, Appellee.

No. 93–3161.

United States Court of Appeals, Eighth Circuit.

Submitted March 17, 1994.

Decided March 30, 1994.

Rehearing Denied May 5, 1994.

Richard Lewis Krueger, pro se.

Alleen S. Castellani, Kansas City, MO (Marietta Parker and Alleen S. Castellani, on the brief), for appellee.

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

Richard Lewis Krueger appeals from the district court's[1] order dismissing his suit under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (FTCA), 820 F.Supp. 467. We affirm.

In 1986 Krueger, doing business as Greenwood Resort, defaulted on a Small Business Administration (SBA) loan. The SBA foreclosed and bought the resort realty, selling it in 1987. In 1987 the SBA also foreclosed its security interest in the resort personalty and at the public auction acquired title. On April 24, 1989, the SBA sold the personalty. On April 5, 1991, Krueger filed a claim with the SBA alleging negligence with regard to the April 24, 1989 sale.

Krueger filed this pro se action against SBA administrator Patricia Saiki, alleging that Saiki misrepresented, concealed, and failed to disclose material facts in order to gain advantage over Krueger's assets. Krueger filed a motion for default judgment based on Saiki's failure to answer. The district court denied Krueger's motion for default judgment because Krueger did not establish a claim or right to relief as required by Federal Rule of Civil Procedure 55(e).

Saiki moved to partially dismiss the complaint and enter summary judgment. The court granted partial dismissal of the complaint based on the FTCA's limitations period and granted Saiki's motion for summary judgment on the grounds that Krueger did not present facts indicating a legal interest in the personalty.

We affirm the district court's partial dismissal. A claimant must present a tort claim against the United States in writing to the appropriate Federal agency within two years after injury. 28 U.S.C. § 2401(b); *Osborn v. United States*, 918 F.2d 724, 731 (8th Cir.1990) (excluding cases of medical malpractice). Because suits against the government are subject to equitable tolling, compliance with this limitations period is not a jurisdictional prerequisite to suing the government. *Schmidt v. United States*, 933 F.2d 639, 640 (8th Cir.1991). Rather, the government bears the burden of proving, as an affirmative defense, that Krueger failed to comply with the limitations period. *Slaaten v. United States*, 990 F.2d 1038, 1043 n. 5 (8th Cir.1993).

The government offered as evidence that Krueger knew of his alleged injuries with respect to events occurring before April 5, 1989, at the time they occurred, but did not take administrative action. Krueger did not contradict or rebut the government's evidence and did not allege facts in support of equitable tolling. Thus, the government met its burden of proof on the affirmative defense and the court's partial dismissal of claims accruing before April 5, 1989 was proper.

As to the April 24, 1989 sale of personalty, Krueger lost ownership interest in the personalty when the SBA foreclosed and acquired title in 1987. Thus, Krueger did not have an interest in the personalty at the time of the 1989 sale. *See* Mo.Ann.Stat. § 400.9–504(4) (Vernon 1965 & Supp.1993). As a result, Krueger cannot establish an essential element of his case and summary judgement was proper. *See* 28 U.S.C. 1346(b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

---

1. The Honorable Joseph E. Stevens, Jr., Chief Judge, United States District Court for the Western District of Missouri.

We have considered Krueger's remaining contentions and find them to be without merit.

Accordingly, we affirm the judgment of the district court.