**Bobbie L. STANFILL and Annie L. Stanfill, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. Civ.A. 98–A–1344–S.

United States District Court, M.D. Alabama, Southern Division.

April 1, 1999.

**MEMORANDUM OPINION
AND ORDER**

ALBRITTON, Chief Judge.

## I. *INTRODUCTION*

This cause is before the court on a Motion to Dismiss the Claims of Bobbie L. Stanfill, filed by Defendant United States of America on January 13, 1999.[1] Mr. Stanfill alleges that he received negligent medical care at the Lyster Army Community Hospital in Fort Rucker, Alabama, which caused permanent injury to his right eye. Defendant asserts that dismissal is proper under Federal Rule of Civil Procedure 12(b)(1) because this court lacks subject matter jurisdiction. Specifically, Defendant contends that the court lacks subject matter jurisdiction because Mr. Stanfill filed this action more than six months after final denial of his tort claims by the United States Army Claims Service. For the reasons to be discussed, Defendant's motion is due to be DENIED.

## II. *FACTS*

On July 16, 1997, a radiologist at the Lyster Army Community Hospital at Fort Rucker, Alabama performed a myelogram on Plaintiff Bobbie L. Stanfill. Mr. Stanfill, who was an employee at the hospital, was eligible for the procedure because of his status as a military retiree. Mr. Stanfill alleges that the negligence of the radiologist and radiological assistant conducting the myelogram caused permanent injury to his eye.

According to Mr. Stanfill, he spoke with his supervisor immediately after the injury and inquired into the possibility of filing a claim under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. §§ 8101 *et seq.* He was led to believe that he did not qualify for a FECA claim. On September 17, 1997, Mr. Stanfill filed an administrative claim for personal injury with

Everett McRae Urech, Daleville, AL, for plaintiff.

R. Randolph Neeley, Montgomery, AL, for defendant.

1. Defendant does not request dismissal of the claims of Plaintiff Annie L. Stanfill in this motion.

the Office of the Staff Judge Advocate, stating that he suffered virtual blindness in his right eye. After six months elapsed without final disposition of his administrative claim, Mr. Stanfill filed a Complaint in this court on March 23, 1998, asserting claims under the Federal Tort Claims Act ("FTCA").[2]

On May 4, 1998, the United States Army Claims Service denied Mr. Stanfill's claim. The letter informing Mr. Stanfill of the denial of his claim included the following language:

> The claim is denied. As your client has filed suit against the United States in the United States District Court for the Middle District of Alabama, the claim is no longer amenable to administrative resolution.

> While I realize that your client's claim is in suit, I am nevertheless required by regulation to inform you that if your client is dissatisfied with the action taken on his claim, he may file suit in an appropriate United States District Court no later than six months from the date of mailing of this letter, or his remedy will be forever barred.

Defendant's Exhibit B.

On July 6, 1998, Defendant United States filed a motion to dismiss or stay proceedings in *Stanfill I.* Defendant contended in that motion that the provisions of FECA applied to Mr. Stanfill's claims. Defendant requested dismissal of Mr. Stanfill's claims or a stay pending presentation of Mr. Stanfill's claims to the Department of Labor for determination of the applicability of FECA. The parties in *Stanfill I* filed a joint motion to dismiss, citing the Defendant's motion concerning the applicability of FECA. Judge Coody ordered the case dismissed without prejudice on July 22, 1998.

Mr. Stanfill filed a FECA claim on August 6, 1998. Mr. Stanfill filed his claim with officials at Fort Rucker. Mr. Stanfill's attorneys contacted the officials at Fort Rucker on September 17, 1998 about their alleged failure to forward the claim to the Department of Labor. Additionally, Mr. Stanfill's attorneys made a request to the Department of Labor on October 16, 1998 for expedited treatment of Mr. Stanfill's claim.

The Department of Labor rendered a decision on November 19, 1998, denying Mr. Stanfill's claim on the basis that the medical evidence had not established causation. Subsequently, on December 23, 1998, the Department of Labor vacated the November 19, 1998 Order and denied Mr. Stanfill's claim on the different basis that he was not in the performance of duty at the time of his injury. Mr. and Mrs. Stanfill filed the present action on December 3, 1998, alleging claims under the FTCA.

### III. *DISCUSSION*

Because of the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued. Thus, a litigant who seeks to bring a claim against the United States must demonstrate to the court that the United States has consented to be sued on such claims. The terms of the government's consent define the court's jurisdiction to entertain the suit. *See United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). If the United States has not consented to be sued on a claim, the court lacks jurisdiction to hear the claim, under the doctrine of sovereign immunity.

By enacting the Federal Tort Claims Act, Congress created a limited waiver of sovereign immunity allowing claims to be filed against the United States "for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.

---

**2.** *Stanfill v. United States,* No. 98–S–343–S  [hereinafter *Stanfill I* ].

§§ 1346(b), 2671 et seq. As a procedural prerequisite for commencement of a suit under the FTCA, a claimant must present his claim to the appropriate federal agency. *Id.* § 2675(a). The claimant may institute an action after a final denial in writing by the agency has been mailed, or, at the option of the claimant, if the agency fails to make final disposition of a claim within six months after it is filed. *Id.*

A tort claim against the United States "shall be forever barred ... unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). In this case, Defendant asserts that Mr. Stanfill's tort claims are barred under section 2401(b). The United States Army Claims Service denied Mr. Stanfill's personal injury claim on May 4, 1998, and Mr. Stanfill did not file the present action until December 3, 1998. Although Mr. Stanfill had already filed suit against the United States at the time the Army Claims Service rendered its decision, the United States points out that dismissal without prejudice of a suit filed within the limitations period "does not automatically toll the statute of limitations." *Justice v. United States,* 6 F.3d 1474, 1478 (11th Cir.1993); *see also Goff v. United States,* 659 F.2d 560, 561 (5th Cir.1981).

Mr. Stanfill contends that equitable tolling should apply to extend the limitations period for his claims. "Equitable tolling" is a doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances. *Ellis v. GMAC,* 160 F.3d 703, 706 (11th Cir.1998). In *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990), the Supreme Court held that the principle of equitable tolling should apply to suits brought against the government under statutes that waive sovereign immunity. The Court stated:

> Once Congress has made such a waiver, we think that making the rule of equita-

ble tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver. Such a principle is likely to be a realistic assessment of legislative intent as well as a practically useful principle of interpretation. We therefore hold that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States.

*Id.*

Following *Irwin,* numerous federal courts have held that the time requirements of section 2401(b) may be equitably tolled. *See, e.g., Perez v. United States,* 167 F.3d 913 (5th Cir.1999); *Alvarez–Machain v. United States,* 107 F.3d 696, 701 (9th Cir.1996); *Glarner v. United States,* 30 F.3d 697, 701 (6th Cir.1994); *Krueger v. Saiki,* 19 F.3d 1285, 1286 (8th Cir.), cert. denied, 513 U.S. 905, 115 S.Ct. 269, 130 L.Ed.2d 187 (1994); *de Casenave v. United States,* 991 F.2d 11, 13 (1st Cir.1993); *Hyatt v. United States,* 968 F.Supp. 96, 101 (E.D.N.Y.1997); *Foster v. United States,* 858 F.Supp. 1157 (M.D.Fla.1994); *Whittaker v. United States,* 815 F.Supp. 764, 765 (D.Vt.1993); *see also Benge v. United States,* 17 F.3d 1286, 1288 (10th Cir.1994) (implying that equitable tolling may be appropriate in some FTCA suits); *Muth v. United States,* 1 F.3d 246, 251 (4th Cir.1993).

In its Reply brief, the United States did not address the impact of *Irwin* on the general availability of equitable tolling of the section 2401(b) limitations periods. Instead, the United States asserted that equitable tolling is inappropriate in this case. *See* Memorandum in Support of Defendant's Reply (File Doc. 11), at 3–6. Subsequently, the United States submitted to the court a law review article asserting that equitable tolling should not apply to claims under the FTCA. *See* Supplement to the Defendant's Reply (File Doc. 13) (submitting Richard Parker & Ugo Colella,

*Revisiting Equitable Tolling and the Federal Tort Claims Act: The Impact of Brockcamp and Beggerly,* 29 Seton Hall L.Rev. 885 (1999)).

In the article, the authors assert that the FTCA's limitations periods are jurisdictional, and that the text, purposes, and legislative history of the FTCA reveal that those limitations should not be equitably tolled. *See* Parker & Colella, *supra,* at 915. With regard to the six-month limitations period, the authors first assert that Congress's choice of a six-month period reflects a legislative choice about the proper time period to ensure prompt presentation and resolution of claims against the United States. Therefore, judicial extension through equitable tolling would frustrate the clearly expressed intent of Congress. *See id.,* at 912. Second, the authors contend that congressional intent is clear because Congress provided for some form of equitable tolling of the limitations period applicable to the administrative process in a series of bills introduced between 1926 and 1935, which provided for a "bare-bones" administrative settlement scheme for claims less than $1,000. According to the authors, the failure of Congress to provide expressly for equitable tolling in the original version of the FTCA, passed in 1946, indicates clear congressional intent. *See id.,* at 912–13.

■ Congressional intent determines whether equitable tolling is available for claims brought under statutes allowing suit against the government. *See United States v. Brockcamp,* 519 U.S. 347, 350, 117 S.Ct. 849, 851, 136 L.Ed.2d 818 (1997). There exists, however, a rebuttable presumption of equitable tolling applicable to suits against the United States. *See Irwin,* 498 U.S. at 96, 111 S.Ct. 453; *see also Brockcamp,* 519 U.S. at 350, 117 S.Ct. 849 (phrasing the pertinent question as follows: "Is there good reason to believe that Congress did not want the equitable tolling doctrine to apply?"). The scant evidence of congressional intent on which Parker and Colella rely simply is insufficient to rebut the presumption that equitable tolling should apply to the six-month limitations period for claims brought pursuant to the FTCA.

In *Perez v. United States,* 167 F.3d 913, 916 (5th Cir.1999), the Fifth Circuit reached the same conclusion with regard to the two-year limitations period in section 2401(b). Responding to the argument that background federal legislation included express tolling provisions, the court noted that the Congress that drafted Title VII presumably wrote against a similar background, yet the *Irwin* court found no congressional intent to deny equitable tolling. *See id.* Moreover, the court stated that "deductions from congressional inaction are notoriously unreliable." *Id.* Because the United States has not rebutted the presumption that equitable tolling applies to the limitations periods under the FTCA, this court will consider Mr. Stanfill's contention that the six-month limitations period should be equitably tolled in the instant case.

■ Assessing when equitable tolling is appropriate in suits against the government, the Supreme Court stated:

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. . . . [T]he principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect.

*Irwin,* 498 U.S. at 96, 111 S.Ct. 453. Though the *Irwin* court provided specific situations in which courts have applied equitable tolling, lower courts have not limited the doctrine's application to those stated examples. *See, e.g., Whittaker v.*

*United States,* 815 F.Supp. 764, 765 (D.Vt. 1993) ("This type of defective pleading was not among those specifically mentioned in *Irwin.* Nevertheless, we conclude that where plaintiff was actively pursuing his judicial remedies, equitable tolling is warranted.").[3] The United States asserts that Mr. Stanfill must show some misconduct or trickery by the Defendant. Equitable tolling, however, "does not require any misconduct on the part of the defendant." *Browning v. AT&T Paradyne,* 120 F.3d 222, 226 (11th Cir.1997).

■ When asked to apply the doctrine of equitable tolling, a court first should assess whether the claimant's failure to file within the statutory period resulted from a lack of due diligence on his part. Throughout the past year, Mr. Stanfill has "actively pursued his judicial remedies" and exercised "due diligence in preserving his legal rights." Mr. Stanfill filed an administrative claim two months after his injury. The United States Army Claims Service failed to act on that claim within six months, and Mr. Stanfill filed suit pursuant to 28 U.S.C. § 2675(a). At the time the United States Army Claims Service mailed its written final denial of his administrative claim, Mr. Stanfill's suit alleging FTCA claims was pending before this court. It is clear from the documents filed in *Stanfill I* and the materials submitted with the present motion that the only reason Mr. Stanfill agreed to dismiss *Stanfill I* was the Government's contention that FECA applied exclusively to his claims. *See* Exhibit C to Plaintiff's Response (File Doc. 9).

Mr. Stanfill promptly filed a FECA claim. The Department of Labor did not render a decision on that claim for over three months. During that time, Mr. Stanfill's attorney had to request that the claim be forwarded to the correct officials. He also petitioned the Department of Labor for expedited treatment of Mr. Stanfill's claim. Mr. Stanfill filed the present action within two weeks after the Department of Labor notified Mr. Stanfill of its decision to deny his FECA claim.

Though Mr. Stanfill actively pursued his claims, the court's inquiry does not end there. "[D]ue diligence on the part of the plaintiff, though necessary, is not sufficient to prevail on the issue of equitable tolling." *Justice v. United States,* 6 F.3d 1474, 1479–80 (11th Cir.1993).[4] Equitable tolling does not apply to a "garden variety claim of excusable neglect." *Irwin,* 498 U.S. at 96, 111 S.Ct. 453. In *Perez v. United States,* the Fifth Circuit applied equitable tolling and allowed a plaintiff to pursue her FTCA claims despite having filed originally in the wrong court. *See Perez,* 167 F.3d at 917. The plaintiff was injured in September of 1990 when someone disengaged the hand brake of an Armored Personnel Carrier belonging to the Texas National Guard, causing it to roll forward. *Id.* at 914. The plaintiff filed suit in Texas state court against the Texas National Guard. Her attorney sent a letter to the Texas National Guard, reporting charges of negligent supervision and lack of proper security. *See id.* In March of 1994, a Texas National Guard Captain advised the plaintiff's attorney that the guardsmen were acting as employees of the federal government when the incident occurred. The state court granted a motion to dismiss the suit on June 14, 1995.

On June 30, 1995, the plaintiff filed a claim with the U.S. Army, which the army denied four months later on the basis of the two-year statute of limitations under the FTCA. 28 U.S.C. § 2401(b). Subsequently, the plaintiff filed suit in federal district court, and the district court dis-

---

3. In *Whittaker,* the court found that the limitations period for filing suit following notice of the denial of a claim by an appropriate federal agency was equitably tolled during the period of time that the plaintiff's suit against a wrong party was pending in federal court. Even with the extended period, however, the

court found that the plaintiff's filing was untimely.

4. Despite this language, the *Justice* court found that the plaintiff's failure to exercise due diligence cut off his right to claim equitable relief.

missed the suit. The district court found in part that the plaintiff failed to investigate the nature of her claim diligently, and thus failed to recognize the dual nature of the National Guard as servant of the state and federal governments. Because the plaintiff's decision to sue the Texas National Guard was not the product of affirmative misstatements by the Texas National Guard, the court refused to apply equitable tolling. *See id.* at 915.

The Fifth Circuit reversed and applied equitable tolling to the plaintiff's claim. Though the plaintiff's error, misunderstanding the dual nature of the Texas National Guard, "would have been uncovered through more careful legal research," it did not constitute a "garden variety claim of excusable neglect." *Id.* at 915. In support, the Fifth Circuit cited *Burnett v. New York Central R. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965). *See id. Burnett* had been cited in *Irwin* for the proposition that equitable tolling applies where a claimant actively pursued his judicial remedies by filing a defective pleading in the statutory period. *See Irwin,* 498 U.S. at 96, 111 S.Ct. 453.

In *Burnett,* the Supreme Court tolled the limitations period in the Federal Employers' Liability Act when a plaintiff originally filed a complaint in the wrong state court, and the complaint was dismissed for improper venue. *See Burnett,* 380 U.S. at 428, 85 S.Ct. 1050. The Court noted that "the basic inquiry is whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances." *Id.* at 427, 85 S.Ct. 1050. Statutes of limitation primarily "assure fairness to defendants" by "preventing surprises through the revival of claims that have been allowed to slumber." *Id.* at 428, 85 S.Ct. 1050. Because the petitioner filed a complaint in a competent court during the limitations period, the Court found that he

did not "sleep on his rights," and that the respondent "was aware that petitioner was actively pursuing his FELA remedy." *Id.* at 429–30, 85 S.Ct. 1050. Therefore, the court tolled the limitation provision "until the state court order dismissing the state action becomes final." *Id.* at 435, 85 S.Ct. 1050.

The Fifth Circuit distinguished the facts of *Perez* and *Burnett* from a "garden variety claim of excusable neglect" because, in both cases, "the plaintiff took some step recognized as important by the statute before the end of the limitations period." *Perez,* 167 F.3d at 915. In *Perez,* the plaintiff timely filed suit in the wrong court. Her attorney sent a letter to the Texas National Guard within the limitations period notifying the Guard of the plaintiff's claims. The Fifth Circuit held that the appropriate agency thus received the claim, and the letter qualified as sufficient presentment within the two-year limitations period prescribed by the FTCA.[5]

In the present case, Mr. Stanfill's actions do not constitute a "garden variety claim of excusable neglect" to which equitable tolling would not apply. Mr. Stanfill sought judicial review of his FTCA claims within the limitations period. The United States responded by asserting that Mr. Stanfill must seek review of his claims with the Department of Labor. The United States now contends that Mr. Stanfill's FTCA claims are time-barred because he voluntarily dismissed the pending FTCA action and sought review with the Department of Labor to satisfy the Government's objection. Clearly, the more prudent course of action would have been to petition the court for a stay rather than agree to a voluntary dismissal. Such an error in judgment, however, does not amount to a "garden variety claim of excusable neglect" in light of Mr. Stanfill's active, aggressive pursuit of his claims.[6]

---

5. As a separate, alternative justification for equitable tolling, the Fifth Circuit found that the National Guard violated a duty to the plaintiff by failing to forward a claims form to the plaintiff or her attorney after receiving the

letter notifying the Guard of the plaintiff's claims. *See Perez,* 167 F.3d at 918.

6. Additionally, according to Mr. Stanfill, federal government officials at Fort Rucker failed to forward his FECA claim to the ap-

Most important, section 2401(b) exists "to encourage the prompt presentation of claims" against the federal government. *United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979). It does not exist to reward the United States for deft legal maneuvering. The Government was put on notice to defend against this action in March of 1998, and at all times since the filing of the complaint in *Stanfill I,* the Government has been aware that Mr. Stanfill was pursuing his legal rights. Based on the submissions of the parties, it is clear that the United States understood the motivation behind Mr. Stanfill's voluntarily dismissal in *Stanfill I.* The parties filed a joint motion to dismiss the action without prejudice "pending presentation of the claims of the Plaintiff to the Secretary of Labor and his final determination of whether they are covered by the Federal Employees' Compensation Act." Joint Motion to Dismiss, *Stanfill v. United States,* No. 98–S–343–S (File Doc. 15), Exhibit C to Plaintiff's Response (File Doc. 9). Mr. Stanfill did not abandon his FTCA claims, nor did he "sleep on his rights." The United States was aware that Mr. Stanfill was pursuing his FTCA remedy during the time he sought review of his FECA claims by the Department of Labor.

Based on the circumstances of this case, the court finds that equitable tolling applies and extends the six-month limitations period set forth in 28 U.S.C. § 2401(b). The U.S. Army Claims Service mailed its final denial of Mr. Stanfill's claims on May 4, 1998. The court finds that the the six-month limitations period was tolled from that time until the Department of Labor rendered its final decision denying Mr. Stanfill's FECA claims. Because Mr. Stanfill filed the present action on December 3, 1998, two weeks after the Department of Labor reached its initial decision denying his FECA claims and three weeks prior to the Department's decision vacat-

ing the prior Order, his FTCA claims are deemed to have been timely filed.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Claims of Bobbie L. Stanfill is due to be and is hereby DENIED.

---

propriate officials in the Department of Labor for at least forty-two days. Had his claim been promptly forwarded, Mr. Stanfill may

have met the filing deadline without tolling of the limitations period.