USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1983 CHARLES J. OROPALLO, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Martin F. Loughlin, Senior U.S. District Judge] __________________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Cyr, Circuit Judges. ______________ ____________________ Charles J. Oropallo on brief pro se. ___________________ Jeffrey R. Howard, United States Attorney, James A. Bruton, ___________________ _________________ Acting Assistant Attorney General, Gary R. Allen, Gilbert S. ________________ ___________ Rothenberg and Roger E. Cole, Attorneys, Tax Division, Department of __________ ______________ Justice, on brief for appellees. ____________________ May 24, 1993 ____________________ Per Curiam. The district court dismissed Charles __________ Oropallo's suit for a tax refund as untimely under 26 U.S.C. 6511(a). We affirm. I. Background __________ Charles Oropallo worked for the Raytheon Service Company during the 1983 calendar year. In 1985, he was incarcerated. Four years later the IRS informed him that he had not filed any tax returns since 1982. Oropallo then obtained his W-2 form from Raytheon. When he filled out his 1983 tax return, he discovered that he had overpaid his taxes by approximately $698. He filed his return on March 19, 1990, claiming that amount as a refund. On May 23, 1990, the IRS mailed him a notice disallowing his claim, explaining that it could not "refund or credit tax that was paid more than 3 years before the filing of the claim . . . ." The notice also told Oropallo that he could sue to recover "any tax . . . or other amounts for which this disallowance notice is issued" by filing suit in the appropriate federal district court (or the U.S. Claims Court) within two years from the mailing date of the notice. Oropallo filed suit in the district court within the two-year period described by the disallowance notice. He alleged that "extremely mitigating and extenuating circumstances" explained his failure to file his 1983 tax return on time. First, he had believed that a six-year limitations period applied. Second, in March 1983, he had suffered carbon monoxide poisoning which left him "extremely incapacitated and unable to function competently for several years" and, for that reason, he had been "completely unaware" that he had not filed his 1983 tax return "and had in fact believed he had timely filed said return." Furthermore, he had been in prison since 1985, prison authorities had impeded his legal efforts on his own behalf, and although he had informed the U.S. Post Office of address changes while incarcerated, he had not received notice that he had not filed the 1983 return until mid-1989. Without waiting for the government's brief, a magistrate-judge recommended dismissing Oropallo's complaint, finding that the suit was untimely under 26 U.S.C. 7422(a) and 6511(a) and that the court therefore had no subject matter jurisdiction over the suit under 28 U.S.C. 1346(a)(1). The magistrate-judge also concluded that Oropallo's incarceration had not affected his ability to file a timely tax return, since, while incarcerated, he had in fact filed the return in question. Oropallo objected to the magistrate-judge's recommendations. He noted that the magistrate-judge had not considered his alleged carbon monoxide poisoning before concluding that his late filing was not excused, and he offered as an additional reason for his delay the fact that his ex-wife had taken his tax and financial records in early 1984 and moved to an unknown -4- 4 address. Oropallo also argued that the IRS had consented to his suit because the disallowance notice stated that he could bring suit within two years from the mailing date of the letter and he had done so. The district court subsequently accepted the magistrate-judge's recommendation and dismissed Oropallo's suit. On appeal, Oropallo alleges that the dismissal of his suit violated his constitutional rights under both the United States and New Hampshire Constitutions. He says that dismissal of his suit deprived him of his property without due process of law and of his right to access to the courts to seek redress for his grievances. He also claims that, given the circumstances he alleges, the statute of limitations should have been tolled. Applying the limitations period to him, he argues, also violated his equal protection rights under the Constitution since, as he claims, the IRS can "reach back" farther in time to make claims against taxpayers than taxpayers can to recover refunds. Finally, Oropallo asserts that the language of the IRS disallowance notice, stating that he could bring suit within two years of the mailing date of the notice, constituted consent to his suit and waived any limitations bar. W e affirm for the reasons described below. -5- 5 II. Discussion __________ Since the statute of limitations and equitable tolling issues are at the heart of this case, we address them first. A. Equitable Tolling of Section 6511(a) and (b) ____________________________________________ As the district court noted, 28 U.S.C. 1346(a)(1) gives federal district courts jurisdiction over suits against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." Likewise, the court correctly observed that the jurisdictional grant in section 1346(a)(1) must be read to incorporate the requirements of 26 U.S.C. 7422(a) and 6511(a). See United States v. Dalm, 494 U.S. 596, 601-02, _________________ ____ 608-10 (1990). Section 7422(a) provides that no suit for a tax refund may be maintained unless "a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." Section 6511(a) states that a refund claim must be filed "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." Thus, section 6511(a) -6- 6 distinguishes between taxpayers who file returns and those who do not. Taxpayers who file returns have the longer of three years from the time they filed their return or two years from the time they paid their taxes to file a claim for refund, whereas taxpayers who have not filed returns have only two years from the time they paid their taxes to file their refund claims. A refund suit must have been timely filed under one of the limitations periods in section 6511(a) for the district court to obtain jurisdiction over the suit. Dalm, 494 U.S. at 609. ____ The district court did not explain clearly how Oropallo's claim was untimely under section 6511(a). Its opinion contained language which would support either the conclusion that it had applied the three-year limitations period for taxpayers filing returns or that it had applied the shorter two-year limitations period for taxpayers who did not file returns. The government urges us to affirm the district court's implicit holding that the two-year limitations period for nonfiling taxpayers applies and that Oropallo's late return is not a "return" which triggers application of the three-year limitations period. Although it acknowledges that there is a split in authority on the question whether a return filed after its due date is a "return" within the meaning of section 6511(a), compare, ________ e.g., Musser v. Commissioner, 92-1 USTC 50,245 (D. Alaska _____________ ____________ -7- 7 1991) (the two-year limitations period measured from the time the tax was paid is applicable to taxpayers filing late returns), with Mills v. United States, 805 F. Supp. 448, 450 ____ _____ _____________ (E.D. Tex. 1992) (the three-year limitations period beginning when the return is filed applies to a taxpayer filing a late return), the government argues that a finding that taxpayers filing late returns have only two years from the time their taxes are paid to file refund claims better reflects the statutory language. We need not resolve this question in light of our determination on the tolling issue. For purposes of our present analysis, therefore, we assume for the sake of argument that the cases holding that a late return is a "return" within the meaning of section 6511(a) are correct. Accordingly, we also assume that, if Oropallo filed his claim for a refund within three years of his return, his refund claim would be timely. Under 26 C.F.R. 301.6402-3(a), a return which claims a refund may be considered a "claim for refund" under section 6511(a). Oropallo's return, which was filed on March 19, 1990, claimed a refund. Therefore, the claim, having been filed on the same day as his return, would obviously have been filed within three years of the filing of the return and so was timely. This assumption, however, does not mean victory for Oropallo. As the government says, section 6511(b)(2)(A) -8- 8 places a cap on recovery of a refund which, in Oropallo's case, prevents recovery of any taxes paid for the 1983 tax year. Specifically, section 6511(b)(2)(A) states that, with respect to a claim filed during the three-year period in section 6511(a), the amount of the refund is limited to "the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return." Since Oropallo filed his claim on March 19, 1990, he may recover only taxes paid in the preceding three years -- i.e., any taxes paid on or after March 19, 1987. (As the government notes, Oropallo has not claimed that he received any extension of time for filing his 1983 return.) Under 26 U.S.C. 6513(b)(1), Oropallo's taxes were deemed paid on April 15, 1984, well before the cut-off date of March 19, 1987. Therefore, he may not recover any portion of those taxes. Section 6511(b)(2)(A) explicitly forecloses any refund for taxes not paid within the three-year period preceding the date the claim was filed.1 Essentially, ____________________ 1. Thus, where the taxes sought to be recovered are deemed paid as of the date the return was due (and no extension for filing the return was granted), a return such as Oropallo's, which itself is the refund claim, must be filed within three years of its due date for the taxpayer to be able to recover any of the taxes paid. Basically, for a taxpayer in Oropallo's situation, section 6511(a) and (b)(2)(A) work together with section 6513(b)(1) to impose a three-year statute of limitations on refund claims, measured from the -9- 9 therefore, it establishes an additional limitations period separate from the three-year period in section 6511(a). See, ____ e.g., Mills v. United States, 805 F. Supp. 448, 450 (E.D. ___________ _____________ Tex. 1992) (for a taxpayer who has filed a return, the provisions of section 6511(a) and (b)(2)(A) establish "two limitations hurdles" -- (1) a refund claim must be filed within three years after the tax return is filed, and (2) the amounts sought to be recovered must actually have been paid in the three-year period preceding the filing of the claim). That additional limitations period effectively bars some of the refund claims which would be unquestionably timely under section 6511(a). See, e.g., Rainey v. United States, 82-2 __________________ ______________ USTC 9442 (N.D. Ala. 1982) (the taxpayer's claim was not untimely under section 6511(a), but it was denied under section 6511(b)(2)(A) because the taxes had not been paid within the prescribed period before the claim was filed); McGregor v. United States, 80-2 USTC 9647 (Ct. Cl. 1980) ________ _____________ (same). Accordingly, unless the additional limitations period imposed by section 6511(b)(2)(A) is equitably tolled, Oropallo's action should be dismissed. ____________________ original due date of the tax return. See Tallon v. United __________ ______ States, 84-2 USTC 9926 (C.D. Ill. 1984) (after discussing ______ the effect of sections 6511(b)(2)(A) and 6513(b)(1) on the taxpayers' timely refund claim, which was made in a late return, the court concluded that "the Plaintiffs have been barred from recovering their refund by failure to file their returns within three years of the time they were due"). -10- 10 2. Equitable Tolling _________________ Oropallo argues that the limitations period should be tolled "[i]n the interests of justice" given the "extremely mitigating and extenuating circumstances" of his case. In our opinion, only Oropallo's alleged carbon monoxide poisoning could qualify for that characterization.2 The government interprets Oropallo's argument to be an attempt to invoke either the mitigation provisions of the tax code, 26 U.S.C. 1311-14, or the judicial doctrine of equitable recoupment. It correctly points out that neither the mitigation provisions nor the equitable recoupment doctrine apply. In view of Oropallo's status as a pro se ___ __ petitioner, however, we think we have an obligation to go beyond the government's brief and to take account of recent ____________________ 2. We assume that carbon monoxide poisoning, which Oropallo alleges not only incapacitated him for several years, but also deprived him of his ability to know that he had not filed a 1983 tax return, would be analogous to mental incapacity and thus could be a ground for equitable tolling if Oropallo could show that his alleged poisoning had actually prevented him from filing his 1983 return on time or from remembering earlier than 1989 that he had not done so. See Lopez v. Citibank, N.A., 808 F.2d 905, 907 (1st Cir. __________ ______________ 1987) (assuming, in a suit between private parties, that mental illness "might sometimes toll the statute of limitations," the court concluded that it did not do so where the plaintiff was represented by counsel at the relevant time and so was not actually prevented from timely filing suit by his mental illness). The other grounds for equitable tolling which Oropallo alleges do not appear to have caused him to delay filing his return, either in 1983 or in 1989 after he learned that his 1983 return had not been filed. For that reason, we do not see how they could be found to excuse that delay. -11- 11 developments in the law which are not discussed by the government. Before 1990, Oropallo would have had no basis for claiming that the limitations periods in section 6511 should be equitably tolled. Courts traditionally have declined to apply equitable principles to toll statutes of limitations against the United States, on the theory that the United States could be sued only by virtue of its waiver of its sovereign immunity and that the terms of any such waiver had to be strictly construed. Irwin v. Veterans Administration, _____ _______________________ 498 U.S. 89, 111 S. Ct. 453, 458-59 (1990) (White, J., concurring); see, e.g, United States v. Dalm, 494 U.S. 596, _________ _____________ ____ 608 (1990).3 Therefore, except in clearly unique situations which do not apply here, the limitations periods in section 6511 have not been equitably tolled. See, e.g., Ellis v. _________________ United States, 82-1 USTC 9214 (Ct. Cl. 1982) ("[t]here is _____________ nothing in any of the[] provisions [relating to tax refunds] that permits an exception to th[e] time limitation to be made ____________________ 3. In addition, tax laws have been viewed as technical laws which are not subject to general principles of equity. See ___ Lewyt Corporation v. Commissioner, 349 U.S. 237, 249 (1955); _________________ ____________ Ewing v. United States, 914 F.2d 499, 501 (4th Cir. 1990), _____ _____________ cert. denied, 111 S. Ct. 1683 (1991). Consequently, courts ____________ have required strict adherence to the administrative prerequisites set out in the Internal Revenue Code, including the explicit and clearly stated limitations periods at issue here. See Dalm, 494 U.S. at 608-10; In re Graham, 981 F.2d ________ ____________ 1135, 1138 (10th Cir. 1992); Bruno v. United States, 547 F.2d _____ _____________ 71, 73-74 (8th Cir. 1976); Dixon v. United States, 85-1 USTC _____ _____________ 9173 (Cl. Ct. 1985). -12- 12 because of the illness of the taxpayer or his family or other extenuating circumstances"); Stepka v. United States, 196 F. ______ _____________ Supp. 184, 185 (E.D.N.Y. 1961) (the statute of limitations relating to refund claims under the pre-1954 tax code is "inflexible" and so not tolled by the taxpayer's mental incompetency; there are only "rare exceptions" to the "rigid prevailing rule[] that such statutes of limitations cannot be extended in any circumstances," e.g., the prisoner of war or fraud situation); contrast, e.g., Daney v. United States, 247 _______________ _____ _____________ F. Supp. 533, 535 (D. Kan. 1965) (the court permitted tolling of the limitations period on a refund claim by a noncompetent restricted Indian because the general rules of tax law do not apply "in a strict manner" to restricted Indians), aff'd, 370 _____ F.2d 791 (10th Cir. 1966). In Irwin v. Veterans Administration, 498 U.S. 89, _____ _______________________ 111 S. Ct. 453 (1990), however, the Supreme Court changed its approach to the issue of equitable tolling in suits against the government, holding that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." Id. at 457.4 In reliance on Irwin, several ___ _____ ____________________ 4. Although the Court's opinion presents some interpretive difficulties, it would seem to have overruled or made irrelevant prior case law which sought to determine whether a particular limitations period could be tolled by determining whether the time limit was jurisdictional or not. See, e.g., __________ Soriano v. United States, 352 U.S. 270, 276 (1957) (holding _______ ______________ that a limitations period on claims against the United States -13- 13 federal district courts have permitted equitable tolling of the limitations period in section 6511(a) or (b)(2)(A) in view of a taxpayer's argument that mental incompetence had kept him or her from timely filing a refund claim. See ___ Wiltgen v. United States, -- F. Supp. --, 93-1 USTC 50,044 _______ ______________ (N.D. Iowa 1992) (section 6511(b)(2)(A)); Scott v. United _____ ______ States, 795 F. Supp. 1028 (D. Hawaii 1992) (stating that ______ equitable tolling of section 6511(a) was at issue, although the facts indicate that section 6511(b)(2)(A) could have been involved as well); Johnsen v. United States, 758 F. Supp. 834 _______ _____________ (E.D.N.Y. 1991) (section 6511(b)(2)(A)).5 In our view, the ____________________ contained in the statute granting jurisdiction over such claims could not be tolled); see Irwin, 111 S. Ct. at 458-59 _________ (White, J., concurring) (establishing a presumption in favor of equitable tolling against the government was inconsistent with the Court's traditional approach and essentially overruled Soriano). The key issue is still Congressional _______ intent, but, by creating a presumption in favor of equitable tolling, the Court has squarely placed on the government the burden of showing that a particular limitations period may not be equitably tolled. Cf. Schmidt v. United States, 933 ___ _______ ______________ F.2d 639, 640 (8th Cir. 1991) (in an action under the Federal Tort Claims Act after Irwin, the government has the burden of _____ establishing the statute of limitations as an affirmative defense). 5. But see Vintilla v. United States, 931 F.2d 1444, 1447 & ________ _____________ n.1 (11th Cir. 1991), in which the court adhered to a pre- Irwin mode of analysis and ruled that the limitations period _____ in section 6511(a) may not be equitably tolled since timely filing of a refund claim is a jurisdictional prerequisite to suit. In Vintilla, the taxpayer had been required to pay ________ upfront the entire tax due on his severance benefit whereas similarly situated taxpayers paid taxes as if receiving the benefit in installments. The IRS had told the taxpayer that a refund claim could be filed after he litigated the mode of payment of the severance benefit; after the litigation had -14- 14 relevant analysis has been altered yet again by a more recent Supreme Court decision. In Lampf, Pleva, Lipkind, Prupis & ________________________________ Petigrow v. Gilbertson, -- U.S. --, 111 S. Ct. 2773 (1991), ________ __________ the Supreme Court considered whether to adopt a federal limitations period in private suits under section 10(b) of the Securities Exchange Act of 1934 and, if so, whether that period would be subject to equitable tolling.6 The Court concluded that a federal limitations period should be adopted. It selected the 1-and-3-year limitations periods contained in the 1934 Act and in the original remedial ____________________ ended, however, the IRS denied the taxpayer's claim as untimely. 6. Although Lampf involved a lawsuit between private _____ parties, it is clearly relevant here. As the Supreme Court stated in Irwin, equitable tolling principles in suits _____ against the government should be consistent with those applied against private defendants, and should be employed "no more favorabl[y]" against the government than against private defendants. Irwin, 111 S. Ct. at 457, 458. _____ Nor do we think that Lampf is inapplicable because it _____ considered a statute of limitations applicable to bringing a lawsuit rather than time limits imposed on the filing of an administrative claim. If a specific equitable consideration would justify tolling the limitations period for filing suit, that same equitable consideration should justify tolling the administrative time limits which have been held to be prerequisites to bringing suit. See Johnsen v. United ____________ ______ States, 758 F. Supp. 834, 835 n.1 (E.D.N.Y. 1991) ("the same ______ equitable considerations are involved in both judicial and administrative procedural defaults" and so a distinction between the equitable tolling of judicial actions and administrative exhaustion requirements cannot "reasonably" be drawn); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, _____ ___________________________ 388-89 & n.2, 393 (1982) (deciding that a "statute of limitations" requiring that a charge of discrimination be filed with the EEOC within 90 days of the alleged unlawful employment practice could be equitably tolled). -15- 15 provisions of the Securities Act of 1933, as typified by section 9(e) of the 1934 Act. See 111 S. Ct. at 2781, 2782 ___ n.9. Section 9(e) prohibits any action for a violation of the section if not brought "within one year after the discovery of the facts constituting the violation and within three years after such violation." Id. at 2780 n.6 (quoting ___ 15 U.S.C. 78i(e)). Citing Irwin, the Court acknowledged _____ that time limits in law suits are "customarily" subject to equitable tolling. It also agreed that, in fraud cases, the limitations period does not usually begin running until the fraud is discovered. Nevertheless, the Court held that time limits, expressed as in section 9(e), were not subject to equitable tolling. In the Court's view, it was "evident that the equitable tolling doctrine is fundamentally inconsistent with the 1-and-3-year structure." Id. at 2782. It explained ___ what it meant as follows: The 1-year period, by its terms, begins after discovery of the facts constituting the violation, making tolling unnecessary. The 3-year limit is a period of repose inconsistent with tolling. . . . "[T]he inclusion of the three-year period can have no significance in this context other than to impose an outside limit." (Citations omitted.) Because the purpose of the 3-year limitation is clearly to serve as a cutoff, we hold that tolling principles do not apply to that period. Id. ___ We think that section 6511(a) and (b)(2)(A) are structured like the 1-and-3-period considered by the Supreme -16- 16 Court in Lampf. Under section 6511, a taxpayer who has filed _____ a return must clear two time barriers. The first one is in section 6511(a), which requires taxpayers to file a refund claim within three years of filing a return. We have assumed that a return can be filed at any time after its due date and still be a return for purposes of filing a claim within that three-year period. Under that interpretation, the limitations period in section 6511(a) is totally illusory. See, e.g., Mills v. United States, 805 F. Supp. 448, 451 ____________ _____ _____________ (E.D. Tex. 1992) (section 6511(a) would "permit a taxpayer to file a tax return 40 years late and still have 3 additional years in which to file a claim for refund"). In this respect, the three-year period in section 6511(a) is analogous to the one-year period discussed in Lampf. The _____ one-year period requires only that suit be filed within one year after discovery of the facts which give rise to the cause of action. Since the discovery of those facts could occur any number of years after the statutory violation had actually taken place, the 1-year period sets no real limit on when suit can be brought. The analogy between the limitations period in section 6511(a) and the 1-year period typified by section 9(e) extends even further. In Lampf, the Supreme Court _____ commented that the one-year period for filing suit after discovery of the facts giving rise to the cause of action -17- 17 made tolling unnecessary. Lampf, 111 S. Ct. at 2782. What _____ the Court obviously meant was that once someone who has been defrauded knows the relevant facts, the 1-year period gives that person ample time in which to sue and there is no need to toll the 1-year limitations period. A similar state of knowledge respecting the right to a refund can be attributed to individual calendar year taxpayers who file income tax returns. The return contains all the information necessary to verify that there has been an overpayment of taxes and that a refund is due. Accordingly, the three-year period in section 6511(a) gives the taxpayer ample time to file a refund claim, and there is no need to toll that period. Essentially, then, section 6511(a) serves simply to identify which taxpayers have properly positioned themselves to obtain a refund. Like the 1-year period in Lampf, _____ however, it does not describe which of those potential claimants will actually succeed in pursuing their rights. That task is left to section 6511(b)(2)(A), which, significantly, the tax code characterizes not as a limitations period, but as a "limit on [the] amount of credit or refund." See 26 U.S.C. 6511(b)(2)(A) (caption).7 As ___ ____________________ 7. Section 6511(b)(2)(A) works together with section 6511(a) and section 6513(b)(1) to bar recovery of any refund claims on late returns not filed within three years after the due date of the return, and thus it clearly operates like a statute of limitations. However, Congress's characterization of section 6511(b)(2)(A) as a "limit on [the] amount of credit or refund" rather than as a limitations period -18- 18 we said earlier, section 6511(b)(2)(A) limits the refund recoverable to the amount of tax paid in the three-year period immediately preceding the filing of the claim. For an individual calendar year taxpayer like Oropallo, taxes withheld from wages during the tax year are deemed paid on April 15th of the following year, the date when the tax return is due. See 26 U.S.C. 6513(b)(1). For that reason, ___ if the return is not filed and the claim not made within the three years immediately following that date, section 6511(b)(2)(A) precludes the recovery of any of the taxes paid. Here, Oropallo's 1983 taxes were deemed paid on April 15, 1984, and his refund claim was timely filed on March 19, 1990, the same day he filed his return. Under section 6511(b)(2)(A) he may recover any taxes paid in the immediately preceding three-year period, i.e., on or after March 19, 1987. But all of the taxes Oropallo seeks to recover were paid before March 19, 1987, and thus he recovers nothing. Unquestionably, then, that date serves as an absolute cut-off point. By imposing an "outside limit" or "cut-off" on the amount of taxes which can be recovered, section 6511(b)(2)(A) operates like the three-year portion of the limitations period in Lampf, and thus is a "period of _____ ____________________ indicates more clearly than a simple limitations period would that Congress intended to establish an outside limit on the recovery of refunds. -19- 19 repose inconsistent with tolling". See 111 S. Ct. at 2782. ___ See Wiltgen v. United States, -- F. Supp. --, 93-1 USTC ____________ _____________ 50,044 (N.D. Iowa 1992) (calling section 6511(b)(2)(A) a "period of repose," but, without referring to Lampf, finding _____ that the section could be equitably tolled under Irwin); _____ McGregor v. United States, 80-2 USTC 9647 (Ct. Cl. 1980) ________ _____________ (calling the date beginning the three-year period immediately preceding the date of a refund claim the "cut-off date"). Because, together, section 6511(a) and (b)(2)(A) function like the 1-and-3-year period found inconsistent with equitable tolling in Lampf, we conclude that those provisions _____ may not be equitably tolled. B. Remaining Claims ________________ Oropallo's remaining claims are without merit for the reasons stated in the government's brief. We comment on several claims only. At the heart of Oropallo's due process claims is the contention that he should have been given a hearing before his refund claim was denied and his suit dismissed. The short answer is that an administrative hearing would not have changed the outcome for Oropallo. The critical facts relating to the date Oropallo's taxes were paid and his -20- 20 refund claim filed are not disputed. In view of those facts, section 6511 unquestionably bars Oropallo's recovery of any portion of his 1983 taxes. Furthermore, it is well settled that post-collection judicial review accords a taxpayer all the process that is due under our tax laws. Martinez v. IRS, ________ ___ 744 F.2d 71, 72 (10th Cir. 1984); Rosenberg v. Commissioner, _________ ____________ 450 F.2d 529, 533 (10th Cir. 1971) ("[d]ue process does not require a hearing at the initial stage or at any particular point of an administrative proceeding"); cf. Kahn v. United ___ ____ ______ States, 753 F.2d 1208, 1218-19 (3d Cir. 1985) (stating that ______ the principle that post-collection judicial review is constitutionally sufficient does not apply where a taxpayer has to pay part of a disputed penalty before being able to seek judicial review, the court weighed the government's interests against the taxpayer's, but concluded nonetheless that no pre-collection hearing was constitutionally required). Both this court and the district court have reviewed the IRS's denial of Oropallo's refund claim and have issued opinions explaining that his claim is barred because it was untimely. Thus, Oropallo has received the post- collection judicial review to which he was entitled. Second, Oropallo argues that the disallowance notice and various IRS publications referring to a two-year period for suit constituted governmental consent to his suit which waived the time bar. This argument fails to appreciate the distinction -21- 21 between a taxpayer's right to bring a lawsuit to review administrative action and the taxpayer's separate obligation to pursue first the administrative procedures prescribed in the tax code. Section 6532(a)(1) of the Internal Revenue Code contains the two-year limitations period in question. It requires a taxpayer suing for a refund under section 7422(a) to bring suit within two years after the mailing date of a disallowance notice. As is evident from the record, Oropallo complied with that requirement. But section 6532(a)(1) regulates only the time for bringing a suit to review the denial of an administrative claim. The Code also imposes certain administrative requirements respecting refund claims which Oropallo was required to follow. Those administrative requirements are contained in sections 7422(a) and 6511, see Rosenbluth Trading, Inc. v. United States, 736 ____________________________ ______________ F.2d 43, 45 n.1 (2d Cir. 1984), and have been discussed fully in this opinion. Thus, Oropallo is right in saying that he complied with the two-year period referred to in the disallowance notice, but that notice could not have waived his separate obligation to pursue his administrative remedies in a timely fashion. See Allen v. United States, 439 F. _________ _____________ Supp. 463, 465 (C.D. Cal. 1977) (a notice disallowing taxpayer's refund claim as untimely did not waive the government's limitations defense under section 6511(a) by stating that the taxpayer had two years in which to bring -22- 22 suit, but "merely . . . notif[ied] the Plaintiff of his right to contest the government's interpretation of the applicability of the statute of limitations"). Finally, Oropallo claims that his equal protection rights have been violated because the IRS can reach back farther in time to collect taxes than he can to collect a refund. We think that Oropallo would be hard-pressed to show that he and the IRS are similarly situated parties in the tax collection context so as to make equal protection analysis applicable. Cf. Musser v. United States, 92-1 USTC 50,245 __________ _____________ (D. Alaska 1991) (it is not discriminatory for the government to have a longer period to sue for recovery of erroneous tax refunds than a taxpayer is allowed to sue for overpayment of taxes since the IRS deals with millions of tax returns per year while a taxpayer typically has only one return to be concerned about each year). In any event, we find no such violation here. As the government observes, in one respect Oropallo's claim is factually wrong. Just as the taxpayer has three years from the date of filing a return to file a refund claim, so the government generally has only three years from the date a return is filed to make a deficiency assessment. See 26 U.S.C. 6501(a). As our opinion ___ explains, however, section 6511(a) and (b)(2)(A), together with section 6513(b)(1), effectively impose on a taxpayer in Oropallo's situation an additional, absolute three-year -23- 23 limitations period on refund claims beginning the date the return was due. The government does not appear to be subject to that limitations period in assessing deficiencies. Nevertheless, the apparent disparate treatment does not violate Oropallo's constitutional rights. It seems obvious to us that, if the government were held to that same additional limitations period, any taxpayer could (and many might) prevent the government from ever assessing a deficiency merely by waiting to file a return until three years after its due date, an outcome that would seriously undermine the collection of taxes. The judgment of the district court is affirmed. ________ -24- 24