Kathy **CARROLL**, As Provisional Tutrix of Sharaharzad Carter

v.

**UNITED STATES** of America, Patrick S. Young, and State Farm Mutual Automobile Insurance Company.

Civ. A. No. CV92–0898.

United States District Court, W.D. Louisiana, Shreveport Division.

June 29, 1993.

James D. Caldwell, Shreveport, LA, for plaintiff.

John Robert Halliburton, Asst. U.S. Atty., Shreveport, LA, for defendant, U.S.

Edwin L. Blewer, III, Shreveport, LA, for defendants, Patrick S. Young and State Farm Mut. Auto. Ins. Co.

## MEMORANDUM RULING AND ORDER

WALTER, District Judge.

Pending before this Court is the appeal of a decision of the Magistrate Court. This Court adopts the reasons stated in Magistrate Payne's Memorandum Ruling dated June 4, 1993. The final judgment of the Magistrate Court is Affirmed.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 29th day of June, 1993.

### *MEMORANDUM RULING*

PAYNE, United States Magistrate Judge.

Currently before the Court are the plaintiffs' Motions to Amend their complaints. Since a motion to amend is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor is it dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the District Judge in accordance with Rule 72(a) and U.L.L.R. 19.09(a).

This consolidated action arises out of an accident which occurred on May 18, 1991 on Interstate 20 in Shreveport, Caddo Parish, Louisiana. The original complaints in this case and in the member case, Civil Action 92–1471, both named as defendant the United States of America. The USA filed motions to dismiss in both cases for the failure of plaintiff to sufficiently serve process within 120 days as required by Rules 4(d)(4) and 4(j) of the Federal Rules of Civil Procedure. In both cases, which were subsequently consolidated, the undersigned issued a recommendation that the complaint be dismissed as to the USA. The recommendations were adopted in orders signed by District Judge Donald E. Walter on March 1, 1993, and the claims against the United States were dismissed without prejudice. On February 26, 1993, the defendants, State Farm Auto Insurance and Patrick S. Young, filed a third-party complaint against the United States of America. Summons were issued and as of April 26, 1993 the United States of America has filed an answer to the third-party com-

**526**

plaint. On March 18, 1993 Kathy Carroll and Linda Hines, plaintiffs herein, filed motions to amend their complaints to assert claims against a third-party defendant, the United States of America, pursuant to Rule 14(a) of the Federal Rules of Civil Procedure.

■ Rule 14 of the Federal Rules of Civil Procedure provides in relevant part:

(a) When Defendant May Bring In Third Party.

At any time after commencement of the action a defending party, as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.... The plaintiff may assert any claim against a third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert any defenses as provided in Rule 12 and any counterclaims and cross-claims as provided in Rule 13.

(b) When Plaintiff May Bring In Third Party.

When a counterclaim is asserted against a plaintiff, the plaintiff may cause a third party to be brought in under circumstances which under this rule would entitle a defendant to do so.

The plaintiffs assert that Rule 14 authorizes the amendment of their complaints to assert claims against the United States as a third-party defendant. The United States objects on the basis that the dismissal without prejudice pursuant to Rule 4(j) of the Federal Rules of Civil Procedure amounted to a dismissal with prejudice due to the statute of limitations provided for in 28 U.S.C. § 2401(b). Rule 4(j) of the Federal Rules of Civil Procedure provides that:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period,

the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

The comments to Rule 4 provide that:

If the dismissal is granted, it is 'without prejudice'. This means that it is not on the merits and that the claim cannot be met with the defense of *res judicata* should it be sued on anew. But if the statute of limitations has meanwhile expired, it will be the limitations defense that greets a new action, which will make the case just as dead as a disposition on the merits, and with ever so much less trouble for the defendant. Hence, it is to be noted once again that it is the statute of limitations, almost exclusively, that gives subdivision (j) its tension. See F.R.C.P. 4(j), comment 4–35.

28 U.S.C. § 2401 provides:

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within 6 months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The accident involved occurred on May 18, 1991. Kathy Carroll, as provisional tutrix of Sharaharzad Carter, filed suit on May 18, 1992. The report and recommendation in which the undersigned recommended dismissal of the United States of America, for failure to complete service of process within 120 days as required by Rule 4(j), was without prejudice. Although it was not assigned as a reason for dismissal of the claim, the plaintiff, in her memorandum opposing the United States' motion to dismiss, stated that "Dismissal of [plaintiff's] claim would subject the claim to being time barred, since it has been more than six months from a denial of the claim by the administrative agency." See 28 U.S.C. § 2401(b). As such, the dismissal without prejudice apparently worked as a dismissal with prejudice in the case of Kathy Carroll.

The complaint filed by Linda Hines, Civil Action No. 92–2260, which also arose out of the May 18, 1991 accident, was filed on December 17, 1992. The court also recommended that the United States be dismissed as a defendant in that suit, and gave as the specific reason for dismissal that the action was time barred by the six-month limitation period provided for in 28 U.S.C. § 2401(b) of the Federal Tort Claims Act. Ms. Hines' claim was administratively denied on February 26, 1992. Thus, at the time of the filing of Civil Action No. 92–2260, on December 17, 1992, more than 10 months had passed and the suit was time barred under § 2401(b). The plaintiff sought to invoke the doctrine of equitable tolling in her case based on the prior filing of the same action on July 29, 1992 (Civil Action No. 92–1471). In the report and recommendation, the court noted that the Fifth Circuit has held that the doctrine of equitable tolling is inapplicable to Federal Tort Claims Act cases. See *Goff v. United States*, 659 F.2d 560 (5th Cir.1981) and *Vernell v. U.S. Postal Service*, 819 F.2d 108 (5th Cir.1987). The court also found that the recent ruling of the United States Supreme Court in *Irwin v. Veterans Administration*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), did not contradict the court's decision that "a dismissal of an earlier suit without prejudice does not authorize the bringing of a suit later outside of an otherwise binding limitations period." See *Goff, supra*, at p. 562. Consequently, the court declined to toll the limitations period of § 2401(b).

In sum, in both of the complaints involved, the United States of America was dismissed without prejudice. However, in both instances, the 6–month limitation provided for in § 2401 had run at the time of the dismissal and thus the dismissals were effectively dismissals with prejudice. As such, plaintiffs could not at this point file new complaints against the United States government because those complaints would be properly dismissed with prejudice on the ground that they are time barred. See *McGregor v. U.S.*, 933 F.2d 156 (2d Cir.1991). However, the plaintiffs now seek to assert the same claim and thereby avoid the time limitation bar through the provisions of Fed. R.Civ.P. 14 which allows the plaintiff to amend his complaint to state a cause of action against a third-party defendant and thereby take advantage of the rules regarding the relation back of amendments provided for in Fed.R.Civ.P. 15. While this would be an ingenious approach to side-stepping the statute of limitations of 28 U.S.C. § 2401, in this particular case, it is a futile effort. The comments to Rule 14 provide that:

> [I]n any case where the plaintiff could not have joined a third-party originally because of jurisdictional limitations such as lack of diversity of citizenship, the majority view is that any attempt by the plaintiff to amend his complaint and assert a claim against the included third-party would be unavailing.

Rule 14 was intended to liberalize and simplify federal procedure, and its purpose is to reduce litigation by having one lawsuit do the work of two. See *Falls Industries, Inc. v. Consolidated Chemical Industries, Inc.*, 258 F.2d 277 (5th Cir.1958). While the rule contemplates avoidance of multiplicity and circuitry of actions, it does not envision the revival of an action barred by statute of limitations. See *Horan v. Pope & Talbot, Inc.*, 119 F.Supp. 711 (E.D.Pa.1953). It has been further stated that this rule is merely a procedural mechanism and cannot be utilized unless there is some substantive basis under the applicable law. See *Kantlehner v. U.S.*, 279 F.Supp. 122 (D.C.N.Y.1967).

It is the opinion of this court that the provisions of Rule 14 were simply not intended to allow circumvention of statutes of limitations. Furthermore, as this court noted in the report and recommendation issued in Civil Action 92–2260, it has traditionally been held that the limitations period set forth in 28 U.S.C. § 2401(b) is jurisdictional in nature. See *Handling Federal Tort Claims: Administrative and Judicial Remedies*, Vol. II, Lester, S. Jason, 1992, § 275.01, 02; see also *Gould v. United States Dept. of Health & Human Services*, 905 F.2d 738 (4th Cir. 1990) (*en banc*); *Vernell v. U.S. Postal Service, supra*; *Schmidt v. United States*, 901 F.2d 680 (8th Cir.1990). As such, there would also be a jurisdictional limitation present in this case.

Alternatively, the plaintiffs argue that pursuant to 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been denied by the agency in writing and sent by certified or registered mail. *The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third-party complaint, cross-claim, or counterclaim.* (emphasis supplied).

This too is a good argument on behalf of the plaintiffs. However, the plaintiffs are not seeking to file a third-party complaint in this case. In fact, it is not procedurally possible for the plaintiffs to do so. The plaintiffs are merely seeking to amend their original complaint. As such, the provisions of § 2675(a) provide no relief to the plaintiff from the requirements of § 2401 that a claim be presented to a government agency prior to instituting a lawsuit and that suit be instituted within 6 months after denial of the claim.

Accordingly, and for the foregoing reasons, the motions to amend the plaintiffs' complaints are hereby **DENIED.**

THUS DONE AND SIGNED at Shreveport, Louisiana, this 4th day of June, 1993.