21 F.3d 430
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Norman M. COLE, Plaintiff-Appellant,
v.
UNITED STATES SECRETARY OF LABOR and United States of
America, Defendants-Appellees.
 No. 93-1310.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 5, 1994.*
Decided April 8, 1994.
 
 Before CUMMINGS, KANNE, ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Norman Cole brought an action under the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2671 et seq., alleging that the Secretary of Labor failed to ensure that his employment position with the Rock Island County Metropolitan Mass Transit District (RICMMTD) would not be adversely affected by the grant of federal funds to RICMMTD as required by the Federal Transit Act (FTA), 49 U.S.C. Sec. 1609(c). The district court granted the government's motion to dismiss for failure to state a claim. We affirm.
 
 
 2
 In March of 1985, Cole, an employee of RICMMTD and member of the Amalgamated Transit Union, was transferred to the newly created Small Bus Division, resulting in a reduction of his wages in the amount of $5.27 per hour. The creation of the Small Bus Division was made possible by a federal grant approved and disbursed by the Secretary of Labor in the latter half of 1984. Under Sec. 13(c) of the FTA, a condition of federal assistance is that "fair and equitable arrangements are made, as determined by the Secretary of Labor, to protect the interests of employees affected by such assistance," including "the protection of individual employees against a worsening of their positions." 49 U.S.C. Sec. 1609(c). Section 13(c) requires that the contract granting assistance specify the terms and conditions of the protective arrangements made. Id.
 
 
 3
 Cole contends that the Secretary of Labor improperly certified a Sec. 13(c) agreement that failed to provide protective arrangements for employees who were transferred to the Small Bus Division. He also claims that the Secretary of Labor is liable for the tort of conversion in an amount equal to the wages lost as a result of his transfer and, for the first time on appeal, he claims that the Secretary of Labor breached his duty to protect Cole or his property from the injury inflicted by RICMMTD.
 
 
 4
 Cole's claims are barred by the statute of limitations. Section 2401(b) of the FTCA provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." A claim accrues when the plaintiff becomes aware of both the existence and the cause of his injury. United States v. Kubrick, 444 U.S. 111, 117 (1979); see also Preston v. United States, 596 F.2d 232, 240 (7th Cir.1979) (same in conversion cases), cert. denied, 444 U.S. 915 (1979). The government argues that Cole's claim accrued in March 1985, when he was transferred to the Small Bus Division and received a reduction in wages. Although Cole had knowledge of his injury in March 1985, it is unclear whether he was aware of the supposed cause of his injury at that time. Nonetheless, a letter written by Cole on July 22, 1985, establishes that on that date Cole was aware of the Secretary of Labor's acts which form the basis of his claims against the United States. Thus, Cole's claims accrued on July 22, 1985. Because he did not file his administrative claims until six years later, on April 17, 1991, they are barred by Sec. 2401(b).
 
 
 5
 Cole argues that the continuing violation doctrine should toll the statute of limitations because his injury was ongoing. However, "[a] continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." Diliberti v. United States, 817 F.2d 1259, 1264 (7th Cir.1987) (quoting Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir.1981)). Cole has not identified any continuing conduct that would toll the statute of limitations. The only act of which he complains is the Secretary of Labor's alleged improper certification of the Sec. 13(c) agreement between RICMMTD and the union.[1]
 
 
 6
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Because we find that Cole's claims are barred by the statute of limitations, we need not address whether Cole stated a claim under the FTCA