**Richard & Heddy WILLIS, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 93–1027.

United States District Court,
C.D. Illinois,
Peoria Division.

Sept. 14, 1994.

---

Robert G. Day, Jr., Day & Day, Rodney R. Nordstrom, Peoria, IL, for plaintiffs.

Gerard A. Brost, Asst. U.S. Atty., Peoria, IL, for defendant.

---

## ORDER

McDADE, District Judge.

Before the Court is a Report and Recommendation of United States Magistrate Judge Robert J. Kauffman [Doc. # 18] that Defendant's Rule 12(b)(1) Motion to Dismiss [Doc. # 9] be denied. Defendant's Motion to Dismiss presents the question of whether the time limitations applicable to the Federal Tort Claims Act implicate the Court's subject matter jurisdiction or are merely affirmative defenses. Defendant has filed an objection to the Magistrate Judge's recommendation. Accordingly, the Court shall make a *de novo* review of those portions of the Magistrate Judge's recommendation to which Defendant has objected. 28 U.S.C. § 636(b)(1)(C). The Court, having reviewed the record and pleadings in this case, finds that the Magistrate Judge's Report and Recommendation must be rejected.

The present case involves a suit filed by Plaintiffs, Richard and Heddy Willis, against Defendant, the United States of America ("the United States"), seeking compensatory damages for injuries allegedly incurred by Plaintiffs. Plaintiffs claim that doctors employed by the Department of Veterans Affairs ("the VA") negligently failed to inform Plaintiffs of the long-term side effects of neuroleptic medications, negligently failed to monitor Willis after prescribing such medications to him, negligently failed to prescribe proper amounts of the medication, and negligently allowed Willis to continue receiving the medication after knowing that continued use of the medication would result in tardive dyskinesia. Plaintiffs filed their suit pursuant to Federal Tort Claims Act 28 U.S.C. § 2671 *et seq* ("the FTCA").

The United States has filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In its motion, the United States argues that the Court lacks subject jurisdiction over Plaintiffs' suit because Plaintiffs failed to file an administrative claim within two years of discovery of their injury as required by 28 U.S.C. § 2401(b).[1] The Unit-

---

1. 28 U.S.C. § 2401(b) states:
 **(b)** A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after

ed States argues that the requirements of § 2401(b) are jurisdictional prerequisites to maintaining a suit under the FTCA, and Plaintiffs' failure to satisfy these prerequisites deprives this Court of subject matter jurisdiction over the present suit. Plaintiffs have responded to Defendant's Motion to Dismiss by contending that the time limits contained in § 2401(b) are not jurisdictional in nature, but rather, are merely affirmative defenses. As such, Plaintiffs argue that Defendant cannot maintain a Rule 12(b)(1) motion on the basis of a failure to meet the requirements of the applicable time limits, but instead, Defendant must file a motion for summary judgment to raise such a timeliness issue. Plaintiffs also argue that they did in fact comply with the time limits contained in § 2401(b).

Upon considering the arguments of Plaintiffs and Defendant, the Magistrate Judge concludes that Defendant's Motion to Dismiss should be denied and that this Court should hold an evidentiary hearing pursuant to Rule 42(b) of the Federal Rules of Civil Procedure to make factual and credibility findings in relation to the date Plaintiffs discovered their injuries. In so concluding, the Magistrate Judge cites *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) and states that implicit in the Supreme Court's holding in that case is the proposition that statutes of limitations in suits against the federal government are not jurisdictional, but rather, are subject to tolling. The Magistrate Judge finds that the effect of *Irwin* is to relax the doctrine of strict subject matter jurisdiction in suits brought against the federal government and that as a result, the time limits associated with such suits are no longer jurisdictional. In support of his finding, the Magistrate Judge cites three cases decided after *Irwin* which he contends have held that statutes of limitations in government suits are no longer jurisdictional: *Schmidt v. United States*, 933 F.2d 639 (8th Cir.1991); *Oropallo v. United States*, 994 F.2d 25 (1st Cir.1993); and *Diltz v. United States*, 771

F.Supp. 95 (D.C.Del.1991). The Magistrate Judge's citation to *Oropallo* as support for his position is highly questionable. Indeed, *Oropallo* appears to support the contrary view that time limitations associated with waivers of sovereign immunity are jurisdictional prerequisites which may, in the wake of *Irwin*, be subject to equitable tolling. 994 F.2d at 26–31. It is true that *Diltz, Schmidt*, and a number of other cases all within the Eighth Circuit [2] have held that limitations periods embodied within waivers of sovereign immunity are not jurisdictional. However, the Court is persuaded that the Eighth Circuit and the District Court in *Diltz* have read *Irwin* too broadly. The Court cannot accept the Magistrate Judge's recommendation in this case.

The Court does not agree that the effect of *Irwin* is to alter the jurisdictional stature of the time limitations applicable to the FTCA and other waivers of sovereign immunity. *Irwin* held only that a rebuttable presumption of equitable tolling applies to suits against the United States just as it does in suits against private defendants. The Supreme Court stated in *Irwin* that such an application would amount to little, if any, broadening of a congressional waiver of sovereign immunity. The Supreme Court did not, however, state that the waiver of sovereign immunity embodied in the FTCA and the time limitations which are part and parcel of that waiver ceased to be of a jurisdictional dimension. Indeed, the Supreme Court's discussions and holdings in *United States v. Dalm*, 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990) and *McNeil v. United States*, —— U.S. ——, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) belie such an intent.

*Dalm*, a case decided only nine months prior to *Irwin*, was authored by Justice Kennedy and joined in by Chief Justice Rehnquist and Justices White, Blackmun, O'Connor, and Scalia. In *Dalm*, the Supreme Court stated:

---

the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

2. *See Krueger v. Saiki*, 19 F.3d 1285 (8th Cir. 1994); *Slaaten v. United States*, 990 F.2d 1038 (8th Cir.1993); *Arigo v. United States*, 980 F.2d 1159 (8th Cir.1992).

Under settled principles of sovereign immunity, "the United States, as sovereign, 'is immune from suit, save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan*, 424 U.S. 392, 399[, 96 S.Ct. 948, 953, 47 L.Ed.2d 114] (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586[, 61 S.Ct. 767, 769, 85 L.Ed. 1058] (1941)). A statute of limitations requiring that a suit against the Government be brought within a certain time period is one of those terms.

494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990). In *McNeil*, the Supreme Court affirmed the judgment of the Court of Appeals for the Seventh Circuit which affirmed the district court's holding that it lacked subject matter jurisdiction over the case because the plaintiff failed to comply with the jurisdictional requirements of the FTCA including the statute of limitations contained in § 2675(a). Justice Stevens delivered the opinion of a unanimous Court in *McNeil*.

The *Irwin* opinion was authored by Chief Justice Rehnquist and joined by Justices Blackmun, O'Connor, Scalia, and Kennedy. It is difficult to believe that these Justices who composed five of the six members of the Court joining the *Dalm* opinion and who joined in the *McNeil* decision intended the decision rendered in *Irwin* to be construed as altering the jurisdictional nature of the statutes of limitations contained in the FTCA. In addition, the case law of the lower federal courts at the time *Irwin* was decided was virtually unanimous in holding that the FTCA statutes of limitations implicated a court's subject matter jurisdiction.[3] Given this extensive body of case law, the Court believes that the Supreme Court would have made explicit in *Irwin* any intent to alter the jurisdictional nature of the time limitations contained in the FTCA and other waivers of sovereign immunity. Thus, the Court finds that the effect of *Irwin* is not to alter the stature of the FTCA time limitations from jurisdictional prerequisites to mere affirmative defenses. Rather, the Court concludes that the effect of *Irwin* is to allow courts to consider equitable tolling of time limitations in the context of suits brought against the federal government while maintaining the jurisdictional quality of the time limitations.[4]

The weight of case law following the Supreme Court's decision in *Irwin* supports the Court's conclusion that time limitations contained in the FTCA and other waivers of sovereign immunity remain jurisdictional in nature. Several cases decided after *Irwin* have found that the limitations period in § 2401(b) of the FTCA as well as other waivers of sovereign immunity are of jurisdictional stature. *See De Casenave v. United States*, 991 F.2d 11 (1st Cir.1993); *Cizek v. United States*, 953 F.2d 1232 (10th Cir.1992); *Williams v. United States*, 947 F.2d 37 (2nd Cir.1991); *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765 (4th Cir.1991); *Gualtier v. United States*, 837 F.Supp. 360 (D.Kan.1993); *Carroll v. United States*, 149 F.R.D. 524 (W.D.La.1993); *Whittaker v. United States*, 815 F.Supp. 764 (D.Vt.1993); *Severtson v. United States*, 806 F.Supp. 97 (E.D.La.1992); *Romero v. United States*, 806 F.Supp. 569 (E.D.Va.1992); *De Casenave v. United States*, 797 F.Supp. 86 (D.P.R.1992); *Lumpkin v. United States*, 791

3. *See* Handling Federal Tort Claims: Administrative and Judicial Remedies, Vol. 2, Lester S. Jayson, § 275.02, p. 14–9 through 14–10 (1991).

4. The Court recognizes that its finding may be regarded as being contrary to the holdings in cases such as *Smith v. Chicago Heights*, 951 F.2d 834, 838–839 (7th Cir.1992), *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990), and *Hardin v. City Title & Escrow Co.*, 797 F.2d 1037, 1040–41 (D.C.Cir.1986). However, these cases all involved suits between private individuals, and as the panel stated in *Central States Pension Fund v. Navco*, 3 F.3d 167, 173 (7th Cir.1993):

Only the rules limiting the commencement of actions against the United States itself have been given the "jurisdictional" treatment, on account of sovereign immunity rather than some principle distinguishing statutory from common law rights. Even the doctrine protecting the national government from tolling a period of limitations crumbled recently. (Citing *Irwin* ).

F.Supp. 747 (N.D.Ill.1992) [5]; *see also Ahmed v. United States,* 30 F.3d 514 (4th Cir.1994) (failure to file an administrative claim within § 2401(b) period is jurisdictional defect); *Kendall v. Army Bd. for Correction of Military Records,* 996 F.2d 362 (D.C.Cir.1993) (compliance with limitations period in 28 U.S.C. § 2401(a) is a condition of federal court jurisdiction.). In addition, at least one treatise addressing the issue treats the limitations periods in the FTCA as prerequisites to a court's jurisdiction. *See* Lester S. Jayson, *Handling Federal Tort Claims: Administrative and Judicial Remedies,* Vol. II, §§ 275.01 and 275.02 (1991). The depth and breadth of the above sources is persuasive as to the continued jurisdictional effect of time limitations contained in waivers of sovereign immunity generally and those contained in the FTCA particularly.

The Court also finds persuasive cases decided within the Seventh Circuit both prior and subsequent to the Supreme Court's decision in *Irwin* which addressed the jurisdictional effect of time limitations contained in the FTCA. Seventh Circuit case law prior to *Irwin* held that statutes of limitations in most suits against the federal government were jurisdictional and, in particular, that the time limitation in § 2401(b) was jurisdictional. *See Barnhart v. United States,* 884 F.2d 295 (7th Cir.1989); *Crawford v. United States,* 796 F.2d 924 (7th Cir.1986); *Charlton v. United States,* 743 F.2d 557 (7th Cir.1984); *Marks v. Turnage,* 680 F.Supp. 1241 (N.D.Ill. 1988). In *Misany v. United States,* 826 F.2d 612 (1987), the Seventh Circuit stated that "... the FTCA is, in effect, a jurisdiction statute...." Subsequent to *Irwin,* the court in *Lumpkin v. United States* found that "[s]ection 2401(b) of the Federal Tort Claims Act creates a jurisdictional question." 791 F.Supp. 747, 749 (N.D.Ill.1992).[6] The law in the Seventh Circuit prior to *Irwin* clearly holds § 2401(b) to be a jurisdictional prerequisite, and the Court finds that *Irwin* did

nothing to alter the jurisdictional nature of § 2401(b).

 Plaintiffs have not argued equitable tolling, and there is no evidence in the record that would justify applying that doctrine to this case. The Supreme Court in *Irwin* stated that the application of the equitable tolling doctrine is, in the usual case, reserved for "situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." 498 U.S. at 94–96, 111 S.Ct. at 457–58. Such is not the situation in this case, and the doctrine of equitable tolling has no application in the present case.

 Plaintiffs' efforts to circumvent the time bar contained in § 2401 by converting the equitable tolling doctrine into a burden shifting affirmative defense is to no avail. It is still Plaintiffs' burden to bring their action within the time requirements of § 2401 to give a district court jurisdiction over his claim. The only question raised by Defendant's motion to dismiss is whether or not Plaintiff timely instituted his claim within two years after the accrual of his claim. A failure to do so bars the claim. "A claim accrues when the plaintiff becomes aware of both the existence and the cause of his injury." *U.S. v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356, 62 L.Ed.2d 259 (1979); *see also Barnhart,* 884 F.2d at 298. The critical issue then is to determine when Plaintiffs first acquired knowledge of Mr. Willis' condition and its cause. The parties differ on when this occurred and an evidentiary hearing is needed to assist the Court in making this ascertainment. As discussed in *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450 (7th Cir.1991):

> Accrual is the date on which the statute of limitations begins to run. It is not the date on which the wrong that injures the

---

5. In an unpublished order, the Tenth Circuit found that a plaintiff's failure to sue within the period of limitations contained in § 2401(a) deprives a court of subject matter jurisdiction. *Urabazo v. United States,* 947 F.2d 955 (10th Cir. 1991).

6. Although not suitable to be cited or used as precedent pursuant to Seventh Circuit Rule 53(b)(2)(iv), the Court notes with interest the Seventh Circuit's decision in *Cole v. United States,* 21 F.3d 430 (7th Cir.1994).

plaintiff occurs, but the date—often the same, but sometimes later—on which the plaintiff discovers that he has been injured. The rule that postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured is the "discovery rule" of federal common law, which is read into statutes of limitations in federal-question cases....

Given the Court's finding that institution of a claim within the limitations period contained in § 2401 is a prerequisite to a court's subject matter jurisdiction, the Court finds that an evidentiary hearing on Defendant's Motion to Dismiss is necessary. *See Crawford,* 796 F.2d at 928–29; *Lumpkin,* 791 F.Supp. at 749. Defendant's Motion to Dismiss made pursuant to Rule 12(b)(1) motion shall be decided based upon such evidentiary hearing and the materials which have been filed in support of those motions.

IT IS THEREFORE ORDERED that the Report and Recommendation of the Magistrate Judge [Doc. # 18] is REJECTED. An evidentiary hearing before this Court in person is set for October 6, 1994, at 2:00 p.m.